# EXHIBIT 1

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Frank Caprino and                          Plaintiffs,
Kristina Armstrong Boyle

Docket No. CV-021 - 4814

-against-

Cohen & Slamowitz, LLP,
Robert Schusteritsch, Vivian
Schusteritsch and Kenneth
Vega,

Affidavit of Kenneth Vega

                              Defendants.
_____ X

STATE OF NEW YORK)
                 )
COUNTY OF SUFFOLK) ss.:

Kenneth Vega, being duly sworn, deposes and says:

1. I am a Defendant in the above-captioned matter and am fully familiar with the facts
and circumstances of the case.

2. I worked for Midlantic Process Inc. (hereinafter "Midlantic") from in or about March,
1995 until February, 2006. My job for Midlantic was a process server and this was my first
employer in this field. Prior to working for Midlantic, I had no knowledge about how process
was supposed to be served. Robert and Vivian Schusteritsch provided me with all of the
instructions and guidance on how to serve process.

3. Upon information and belief, at all times relevant herein, Midlantic was owned and
operated by Vivian E. Schusteritsch and/or Robert Schusteritsch.

l

4. Upon information and belief, Robert Schusteritsch and Vivian Schusteritsch operated Midlantic from their residence at 3383 Stratford Rd, Wantagh, New York 11793.

5. On the direction of Midlantic, Robert Schusteritsch and Vivian Schusteritsch, I served process of Summons and Complaints in lawsuits filed in the following Courts: Supreme Court-Suffolk County; Supreme Court-Nassau County; Supreme Court-Westchester County; First District Court Suffolk County (Ronkonkoma); Fifth District Court Suffolk County (Ronkonkoma) Fourth District Court Suffolk County (Hauppauge); Sixth District Court Suffolk County (Patchogue); Second District Court Suffolk County (Deer Park); Third District Court Suffolk County (Huntington Station); Nassau County District Court; City Court of the City of Rye; City Court of the City of White Plains; and City Court of the City of New Rochelle.

6. I was responsible for serving approximately 15-30 Summons and Complaints (or other papers) per day, 2-3 days per week, on the direction of Midlantic, Robert Schusteritsch and Vivian Schusteritsch. Of those 30-90 cases per week, I estimate that approximately 75-80% were cases in which co-defendant Cohen & Slamowitz (f/k/a Upton, Cohen & Slamowitz) was the attorney for the Plaintiff. Although the workload provided by Cohen & Slamowitz to Midlantic varied from year to year, the majority of the cases I served for Midlantic were for Cohen & Slamowitz.

7. I was paid by Midlantic between $4.00 and $10.00 for each service.

8. Upon the direction of Robert Schusteritsch, the procedure I was required to follow for serving process was as follows: two times per week, I would go to the Schusteritsch's home and pick up from them a batch of Summons and Complaints to be served along with the addresses at which they were to be served. I would then drive to the addresses that the Schusteritsch's gave me and either serve the Defendant in that case or a person of suitable age and discretion, or leave the documents at the Defendant's residence or business. I would then either telephone the

2

Schusteritschs and inform them of how and at what time the papers had been served, or I would provide them said information upon my next visit to their residence. Upon information and belief and from a review of the affidavits of service referred to herein, the Schusteritschs, or someone at their direction, would then create an affidavit of service based upon the date that I told them I had served or posted the documents at the residence. On information and belief, they would then fabricate other dates that I supposedly made attempts to serve the Defendants, when in fact I did not attempt to serve defendants more than one time. Generally, I would not speak to neighbors about whether the Defendant was in the military, although there were occasions through the years that I did. Upon information and belief and from a review of the affidavits of service referred to herein, the Schusteritiches, or someone at their direction, also wrote on the affidavits of service that I had mailed a copy of the Summons and Complaint to a particular defendant, while I had not in fact done so. The Schusteritschs or someone at their direction then signed the affidavits of service with what is purported to be my signature. I did not attempt to find alternative addresses for the defendants, nor did I attempt to find the defendants' place of employment. A review of the affidavits of service referred to herein also seems to reflect that Vivian Schusteritsch notarized the signatures which are purported to be mine, but are not.

9. I was instructed to perform service in this manner by Robert Schusteritsch and Vivian Schusteritsch. Robert Schusteritsch informed me that they were under pressure from the lawyers for whom they were serving the documents to return an affidavit of service quickly. Robert Shusteritsch also informed me that if service was not made in the above referenced manner, Midlantic would lose their business relationship with Cohen & Slamowitz. Robert Schusteritsch also informed me that it would not be cost-effective for anyone to go to a defendant's residence more than once to attempt to serve the documents. As such, I did not go to a defendant's residence more than one time.

3

10. I am a single father of a five (5) year old little girl and I feared that if I did not perform the services in the manner required by Midlantic and Cohen & Slamowitz that I would lose my job and custody of my daughter because I would be unable to support her.

### Caprino Affidavit of Service

11. I have reviewed the Affidavit of Service in the matter of *Household Bank (SD), N.A. v. Frank Caprino* under Index/Docket number CEC 05-0001780 in the Suffolk County First District Court, Ronkonkoma (the "Caprino Affidavit of Service").

12. The Caprino Affidavit of Service contains false statements.

13. I did not sign the Caprino Affidavit of Service.

14. I did not appear in front of a notary on February 3, 2005 to sign the Caprino Affidavit of Service.

15. I cannot recall whether I left a Summons and Complaint at 47 Ridgeway Boulevard, Bay Shore, New York on January 29, 2005. I do not have any documentation showing whether I left any documents at 47 Ridgeway Boulevard, Bay Shore, New York on January 29, 2005.

16. On January 27, 2005 and January 28, 2005, I did not attempt to serve a Summons and/or Complaint on Frank Caprino at 47 Ridgeway Boulevard, Bay Shore, New York. I did not go to 47 Ridgeway Boulevard, Bay Shore, New York more than one time.

17. On February 3, 2005, I did not mail a Summons and/or Complaint to Frank Caprino via "certificate of mailing" nor did I mail a Summons and Complaint to Frank Caprino at all.

18. I did not speak to anyone at 43 Ridgeway Ave. Bay Shore, New York about Frank Caprino. I don't recall speaking to any of Frank Caprino's neighbors.

19. I do not recall inquiring of anybody about the military status of Frank Caprino. It was not my general policy to speak to anyone at about the military status of a defendant.

4

20. I did not attempt to determine Frank Caprino's place of employment, nor did I attempt to locate any other alternative location to make service by personal delivery upon Mr. Caprino.

21. On information and belief the Caprino affidavit of service was created using the procedure described in paragraph 8 herein.

### Kristina Armstrong – Boyle Affidavit of Service

22. I have reviewed the Affidavit of Service of in the matter of *Empire Portfolios, Inc. v. Kristina Armstrong Boyle* under Index number CEC 05-0003836 in the Suffolk County First District Court, Ronkonkoma (the "Armstrong Affidavit of Service").

23. The Armstrong Affidavit of Service contains false statements.

24. I did not sign the Armstrong Affidavit of Service.

25. I did not appear in front of a notary on March 28, 2005 to sign the Armstrong Affidavit of Service.

26. I cannot recall whether I left a Summons and Complaint at 42 Lovers Lane, Huntington, New York on March 24, 2005. I do not have any documentation indicating whether I left any documents at 42 Lovers Lane, Huntington, New York on March 24, 2005.

27. On March 22, 2005 and March 23, 2005, I did not make any attempt to serve a Summons and/or Complaint on Kristina Armstrong Boyle at 42 Lovers Lane, Huntington, New York. I did not go to 42 Lovers Lane, Huntington, New York more than one time.

28. On March 28, 2005, I did not mail a Summons and Complaint to Kristina Armstrong Boyle via "certificate of mailing" nor did I mail a Summons and Complaint to Kristina Armstrong Boyle at all.

29. I do not recall speaking to any neighbors of Kristina Armstrong Boyle.

5

30. I do not recall asking anybody about the military status of Kristina Armstrong Boyle. It was not my general policy to speak to anyone at about the military status of a defendant.

31. I did not attempt to determine Kristina Armstrong Boyle's place of employment, nor did I attempt to locate any other alternative location to effectuate personal service upon Ms. Armstrong Boyle.

32. On information and belief the Armstrong affidavit of service was created using the procedure described in paragraph 8 herein.

### The 69 Other Affidavits of Service

33. I have reviewed seventy-one other Midlantic affidavits of service that were provided by Defendants Cohen and Slamowitz to my attorney in the course of this litigation. ("the 69 affidavits of service"). These 69 affidavits of service indicate that service was performed by me using what is commonly referred to as "nail and mail" service. This type of service is based upon Civil Practice Laws and Rule Section 308(4). The case names and information of these 69 cases are contained in Exhibit A, attached. Upon information and belief, the Law Firm of Cohen & Slamowitz was the Plaintiff's attorney in each of these 69 cases.

34. Each of these 69 Affidavits of Service contains false statements.

35. I did not sign any of the 69 affidavits of service.

36. I did not appear in front of a notary for signature on any of the dates indicated on the 69 affidavits of service.

37. I do not recall whether I left a Summons and Complaint at any of the residences/businesses indicated on the 69 affidavits of service. I do not have any documentation indicating whether I left any documents at any of the residences contained on the 69 affidavits of service.

6

38. I did not go to the residences/businesses of any of the Defendants in these 69 cases more than one time. I did not make any of the attempts at service indicated on any of the 69 affidavits. Upon information and belief, these dates were fabricated by Midlantic, Robert Schusteritsch and/or Vivian Schusteritsch or somebody else at their direction.

39. I did not make any of the mailings indicated on any of the 69 affidavits of service. I do not have any certificates of mailing attesting to any of these mailings, because I did not mail anything to any of the Defendants in these 69 cases.

40. I do not recall whether I spoke to any of the Defendants' neighbors referenced in these 69 affidavits of service.

41. I do not recall speaking to anybody about the military status of any of the defendants referenced in the 69 affidavits of service, but it was not my general practice to ask about a Defendants' military status.

42. I did not make any attempt to determine the place of employment of any of the defendants referenced in the 69 affidavits of service. Nor did I attempt to locate any other alternative location to make service by personal delivery upon any of the defendants referenced in the 69 affidavits of service.

43. On information and belief the 69 affidavits of service were created using the procedure described in paragraph 8 herein.

### The 21 Other Affidavits of Service

44. I have also reviewed 21 other Midlantic affidavits of service that were provided by Defendants Cohen and Slamowitz to my attorney in the course of this litigation. (the "21 affidavits of service"). These 21 affidavits of service indicate that service was performed by me using what is commonly referred to as "leave and mail" service. This type of service is based

7

upon Civil Practice Laws and Rule Section 308(2). The case names and information of these 21 cases are contained in Exhibit B, attached. Upon information and belief, the Law Firm of Cohen & Slamowitz was the Plaintiff's attorney in each of these 21 cases.

45. Each of these 21 affidavits of service contains false statements.

46. I did not sign any of the 21 affidavits of service.

47. I did not appear in front of a notary for signature on any of the dates indicated on the 21 affidavits of service.

48. I do not recall whether I left a Summons and Complaint at any of the residences/businesses indicated on the 21 affidavits of service. I do not have any documents indicating whether I left any documents with any of the people referenced on the 21 affidavits of service.

49. I did not make any of the mailings indicated on any of the 21 affidavits of service. I do not have any certificates of mailing attesting to any of these mailings, because I did not mail anything to any of the defendants in these 21 cases.

50. I do not recall speaking to anybody about the military status of any of the defendants referenced in the 21 affidavits of service, but it was not my general practice to ask about a Defendants' military status.

51. I did not make any attempt to determine the place of employment of any of the defendants referenced in the 21 affidavits of service. Nor did I attempt to locate any other alternative location to make service by personal delivery upon any of the defendants referenced in the 21 affidavits of service.

52. On information and belief the 21 affidavits of service were created using the procedure described in paragraph 8 herein.

8

The Execution of this Affidavit

53. I am executing this affidavit after being advised by my attorney about all the potential

ramifications of my statements.

54. I have read this affidavit completely and understand the contents.

55. I am not under the influence of any alcohol or drug that is impairing my ability to

understand this affidavit.

56. I am signing this affidavit voluntarily and I am not under any undue pressure or

duress.

Dated: _10-30-06_

Kenneth Vega
Address: 1467 William Floyd Pkwy.
Shirley NY 11967

Sworn to me this _30th_
day of _October_ 2006

Notary Public

FRANCES D. ANGLERO
Notary Public, State of New York
No. 01AN5089279   Suffolk County
Commission Expires December 8, 2009

Witnessed:

Melissa Corwin, Esq.
Somer & Heller, LLP
2171 Jericho Turnpike Suite 350
Commack, NY 11725
Attorney for Kenneth Vega

_10/30/06_
Date

### CERTIFICATION

I, KENNETH VEGA, HEREBY CERTIFY, under penalty of perjury that I have carefully read and reviewed the annexed document and that all information contained in that document is true and accurate in all respects to the best of my knowledge and understanding.

I FURTHER CERTIFY, under penalty of perjury, that neither my attorney, nor anyone acting on my attorney's behalf, was the source of any of the information contained in the annexed document; that I provided all of the information contained in the annexed document to my attorney; and that I understand that my attorney, is relying entirely upon my certification that all such information is true and correct.

I FURTHER CERTIFY that the annexed document includes all information which I provided to my attorney which is relevant to such document and that my attorney has not deleted, omitted or excluded any such information.

Dated: 10-30-06

Kenneth Vega

10

## EXHIBIT A

### 1st District Court, Suffolk: Ronkonkoma

| Case Name | Docket/Index # |
|---|---|
| Empire Portfolios, Inc. v. Nathaniel Hines | 3830/05 |
| Empire Portfolios, Inc. v. Leonard T. Fields | 1732/05 |
| Empire Portfolios, Inc. v. Richardo E. Galieas | 1731/05 |
| Empire Portfolios, Inc. v. Juan H. Alfaro | 1730/05 |
| Empire Portfolios, Inc. v. Mariana Soto | 1728/05 |
| Empire Portfolios, Inc. v. Gregory A. Canilleri | 1733/05 |
| Empire Portfolios, Inc. v. Abel R. Santillana | 1734/05 |
| Empire Portfolios, Inc. v. Damaris Polanco | 3835/05 |
| Empire Portfolios, Inc. v. Jennifer Harris | 3837/05 |
| Empire Portfolios, Inc. v. Myel C. Hill | 3834/05 |
| Empire Portfolios. Inc. v. Jimmy Nayek | 3832/05 |
| Empire Portfolios, Inc. v. Benjamin Sokolowski | 3831/05 |
| Empire Portfolios, Inc. v. Ingrid J. Nosten | 1729/05 |
| Portfolio Recovery Associates, L.L.C. v. Rodolfo A. Johnson | 1775/05 |
| Portfolio Recovery Associates, L.L.C. v. Jocelyn C. Hoitsma | 1776/05 |
| Portfolio Recovery Associates, L.L.C. v. Shae L. Farrell | 3860/05 |
| Metro Portfolios, Inc. v. Steadman McLean | 3844/05 |
| Metro Portfolios, Inc. v. Esther McDonald | 1754/05 |
| Metro Portfolios, Inc. v. Tamara Barba | 1753/05 |
| Metro Portfolios, Inc. v. Anthony J. Markee | 1752/05 |
| Metro Portfolios, Inc. v. Adriana H. Diosisio | 1751/05 |
| Metro Portfolios, Inc. v. Xin Zhang | 1750/05 |
| Metro Portfolios, Inc. v. Teena McKenna | 1749/05 |
| Metro Portfolios, Inc. v. John H. Blaise | 1748/05 |
| Metro Portfolios, Inc. v. Kimberly H. Wichman | 1755/05 |

11

Metro Portfolios, Inc. v. Michelle Labarca                                3845/05

Discover Bank v. Kimberly M. Hanney                                       1769/05

Discover Bank v. Barbara Wiggins                                          3852/05

Discover Bank v. George Robert Jackson                                    1770/05

Discover Bank v. Suzanne M. Kramer                                        3853/05

Discover Bank v. Pattie Watlington                                        4272/05

Discover Bank v/ Jasmine Maria Montoya                                    3851/05

Discover Bank v. Karissa L. Maguire                                       3850/05

Discover Bank v. John N. Gehrlein                                         3849/05

Colorado Capital Investments, Inc.v. Richard C. Perhauch                  1782/05

Great Lakes Collection Bureau Inc. v. Tami H. Gorey                       1779/05

Cardiology Consultants. P.C. v. Frank Mascaro                            3863/05

Palisades Collection LLC v. Aherlene Oscar aka Sherlene Oscar    1781/05

## 4th District Court, Suffolk: Hauppauge

California Commercial Capital Corporation v. Claudio Martinez      3373/05

Metro Portfolios, Inc.v. Florence E. Obrien                              33/74/05

Target National Bank
(Formerly known as Retailers National Bank) –
Target Visa v. Patricia Cirone                                          3375/05

## Supreme Court of New York, Suffolk County

Discover Bank v. Richard J. Marcisai                                      1777/05

## Civil Court, Westchester County, City of New Rochelle

Discover Bank v. Jeffrey B. Levine                                        504/05

## Civil Court, Westchester County, City of White Plains

Empire Portfolios, Inc.v. Policarpo Salazar                              311/05

RPI Enterprises LLC v.Mildred Lomey                                      318/05

Midland Credit Management, Inc. v. Stephanie Smith                       305/05

Discover Bank v. Michelle P. Silber                                      317/05

12

## EXHIBIT B

### 1st District Court, Suffolk; Ronkonkoma

| Case Name | Docket/Index # |
|---|---|
| Empire Portfolios, Inc. v David Gonzalez | 3839/05 |
| Empire Portfolios, Inc. v. Ricardo Martinez | 1722/05 |
| Empire Portfolios, Inc. v. Marlene Audain | 1723/05 |
| Empire Portfolios, Inc v. Manda Diaz | 1724/05 |
| Empire Portfolios, Inc v. Ramon Arias | 1725/05 |
| Empire Portfolios, Inc v. Juan R. Tavena | 1726/05 |
| Empire Portfolios, Inc v. Norma Algarin a/k/a Norma Gonzalez | 1727/05 |
| Metro Portfolios, Inc. v. Joe Wyatt | 3846/05 |
| Metro Portfolios, Inc. v. Niverea Arroyo | 4274/05 |
| Metro Portfolios, Inc. v. Mustafa Duran | 1745/05 |
| Metro Portfolios, Inc. v. Ruben Benitez | 1746/05 |
| Metro Portfolios, Inc. v. Antonio Colon | 1747/05 |
| Discover Bank v. Fabio Cruz | 4273/05 |
| Portfolio Recovery Associates, L.L.C.v. Pamela J. Calhoun | 3861/05 |
| Great Seneca Financial Corp. v. Mohsin Rouf | 1778/05 |

### Civil Court, Westchester County, City of Rye

| | |
|---|---|
| Discover Bank v. Juan C. Moreno | Unknown |

### Civil Court, Westchester County, City of White Plains

| | |
|---|---|
| Midlantic Credit Management, Inc. v. Mario Patino | 308/05 |

### Supreme Court of New York, Westchester County

| | |
|---|---|
| Empire Portfolios, Inc.v. Amelia Perez | 211/05 |
| Empire Portfolios, Inc. v. Alberto Suarez | 666/05 |
| RPI Enterprises LLC v. Gary S. Herman | 277/05 |
| Worldwide Asset Purchasing, LLC v. Ana Gonzalez | 19968/04 |