UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH COBLE, MILAGROS HARPER, and DENNIS HARPER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br> -against-<br><br>COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ., MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN, ESQ., and CRYSTAL S.A. SCOTT, ESQ.,<br><br>        Defendants. | Civil No.:<br>11-CV-1037 (ER)(GAY)<br><br>AFFIDAVIT |

STATE OF NEW YORK   )
            )
COUNTY OF QUEENS   )

The undersigned, Leandre John, being duly sworn, states and deposes as follows:

1. That Affiant is employed by the law firm of Cohen & Slamowitz LLP, in the position of Managing Attorney, has personal knowledge of the manner and method by which Cohen & Slamowitz LLP maintains its case records, and is duly authorized to make this affidavit.

2. That the contents of this affidavit are believed to be true and correct based on the computer and hard copy books and records of Cohen & Slamowitz LLP, maintained in the ordinary course of business.

3. That the computer records maintained by Cohen & Slamowitz, LLP for the period prior to October 30, 2006 did not contain the process serving company information for post-judgment files. The information which populated this field was replaced with the Enforcement Officer's information (Marshal or Sheriff) associated with the file. As such, this information can only be most accurately recovered via accounting records which are separate and distinct from our collection files. As such, the accounting records would have to be cross-referenced with the hard-copy affidavits of service for each file to determine the company that effectuated service.

4. That the computer records maintained by Cohen & Slamowitz LLP for the period prior to October 30, 2006 do not indicate the particular manner of service but rather indicate only whether service of process was performed by in-person service or substituted service. Where service was performed by substituted service, the computerized records do not indicate the type of substituted service performed. As such, Cohen & Slamowitz would need to manually cross-reference each substituted service entry with the hard-copy

affidavits of service for each file to determine whether service was performed by nail-and-mail or some other form of substituted service.

5. That Cohen & Slamowitz LLP is in possession of PDF copies of the affidavits of service for some but far from all of its case-files for the period prior to October 30, 2006. There are numerous files for which the affidavits of service have not been scanned electronically. For these files, Cohen & Slamowitz would need to manually pull the file to locate the affidavit of service. Further, even in instances where the file contained an electronic PDF copy of the affidavit of service, Cohen & Slamowitz would need to manually open the PDF to determine the identity of the process server. In instances where the affidavit of service is missing from the file, Cohen & Slamowitz would need to travel to the record departments of the various courts in the counties of New York. In many instances older records, such as those pre-2007, are likely to be archived and will require considerable time and expense to locate.

6. That the computer records maintained by Cohen & Slamowitz LLP do not show the type of post-judgment debt collection activity for a particular debt collection file. Rather, the computer records only indicate whether or not payments of any kind have been received post-judgment. C&S can determine the source of the payment, i.e., from a Sheriff, but not the nature of the payment absent looking at the individual file. In order to determine whether payments were received due to wage garnishment or other post-judgment enforcement mechanisms, Cohen & Slamowitz would need to manually search the hard-copy records of each file.

7. That when Kenneth Vega's October 30, 2006 Affidavit (the "Vega Affidavit") was prepared in connection with the matter of *Caprino v. Cohen & Slamowitz* (05cv4814 E.D.N.Y), it was viewed as highly tainted since it was signed in exchange for Vega's immediate dismissal from the case pursuant to an agreement between Vega's lawyer and the lawyer for Caprino. Nonetheless, in an abundance of caution, and despite the fact all involved thought Vega had given a false affidavit to secure his dismissal, Cohen & Slamowitz LLP abandoned enforcement efforts for all files listed in the Vega Affidavit after receiving a copy of the affidavit in connection with the *Caprino* matter.

8. That the settlement in *Caprino v. Cohen & Slamowitz* (05cv4814 E.D.N.Y) was not confidential and neither Cohen & Slamowitz LLP nor the attorneys acting on their behalf took any steps to shield the Vega Affidavit from public scrutiny.

5359096v.1

Dated this 31st day of January, 2013

Cohen & Slamowitz LLP

By: _____
Leandre M. John, Esq.
Managing Attorney

Subscribed and sworn before me this 31st day of January, 2013

My commission expires: May 11, 2015

_____
Notary Public

ELLIS DEVINE JR.
Notary Public, State of New York
No. 01DE6164040
Qualified in Queens County
Commission Expires April 9, 20__

May 11, 2015

3

5359096v.1