UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ELIZABETH COBLE,<br>MILAGROS HARPER, and<br>DENNIS HARPER,<br>on behalf of themselves and<br>all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>COHEN & SLAMOWITZ, LLP,<br>DAVID COHEN, ESQ.,<br>MITCHELL SLAMOWITZ, ESQ.,<br>LEANDRE JOHN, ESQ., and<br>CRYSTAL S.A. SCOTT, ESQ.,<br><br>      Defendants. | 11-cv-1037 (ER)(GAY)<br><br>**DECLARATION OF PETER T. LANE, ESQ. IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**<br><br>**HON. EDGARDO RAMOS**<br>**HON. GEORGE A. YANTHIS** |

_____

PETER T. LANE, an attorney duly licensed to practice law in the State of New York, does hereby affirm under the penalty of perjury:

1. I am an associate attorney at Schlanger & Schlanger, LLP, co-counsel for Plaintiffs and, as such, am familiar with the facts and documents relevant to this dispute.

2. I make this Declaration in further support of Plaintiffs' Motion To Amend The Complaint.

3. Specifically, I submit this Declaration to place before the court attached  Exhibit A, relevant pages form the Transcript of Defendant Leandre John's Deposition on December 14, 2012, referred to in Plaintiffs' Reply Memorandum of Law.

4. For the reasons set forth more fully in Plaintiffs' Reply Memorandum of Law, Plaintiffs' Motion to Amend the Complaint should be granted in its entirety.

Dated:   New York, New York
      March 1, 2013

                    Respectfully Submitted,

                      /s/   Peter T. Lane
                    Peter T. Lane, Esq.
                    Schlanger & Schlanger, LLP
                    9 East 40th Street, Suite 1300
                    New York, NY 10016
                    Ph:  914-946-1981
                    Peter.lane@schlangerlegal.com

# EXHIBIT A

```
 1                                                          1

 2       UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK
 3       ------------------------------x

 4       ELIZABETH COBLE, MILAGROS HARPER
         and DENNIS HARPER, on behalf of
 5       themselves and all others similarly
         situated.
 6
                    Plaintiffs,
 7
                    v.                     11-CV-01037 (JFM)
 8
         COHEN & SLAMOWITZ, LLP,
 9       DAVID COHEN, ESQ.,
         MITCHELL SLAMOWITZ, ESQ.
10       LEANDRE JOHN, ESQ.,
         CRYSTAL S.A. SCOTT, ESQ.
11
                    Defendants.
12
         ------------------------------x
13                                         December 14, 2012
                                           9:30 a.m.
14

15

16            Deposition of LEANDRE JOHN, taken by

17       plaintiffs, pursuant to Rule 30(b)(6), at the

18       offices of Schlanger & Schlanger, 9 East 40th

19       Street, New York, NY 10016, before Joseph B.

20       Pirozzi, a Registered Professional Reporter

21       and Notary Public of the State of New York.

22

23

24

25
```

2          for purchase of index numbers?

3              A.    These are for index numbers.

4              Q.    How do you know that?

5              A.    I can see there is a 45 dollar fee

6          is associated with the files.

7              Q.    Is that the cost of an index

8          number in 2005 to the best of your

9          recollection?

10             A.    Yes.

11             Q.    And so this is a different kind of

12         check request than the one we were just

13         looking at as Exhibit 4, right?

14             A.    Correct.

15             Q.    And each of these represents an

16         incident of service by Midlantic, is that

17         correct, other than the pages which are

18         copies of the actual checks, correct?

19             A.    Yes.

20             Q.    So let's look at the first page,

21         if you would.  It's Bates stamped C&S 1504.

22         The first column is Court and that would be

23         the court in which the index numbers are

24         printed, right?

25             A.    Correct.

2           Q.    And the file number is file number
3      the number at Cohen & Slamowitz.  The next
4      column is case and it's the case that the
5      file number is purchased, correct?
6           A.    Yes.
7           Q.    What's been redacted here are the
8      defendant's name?
9           A.    Yes.
10          Q.    Next column date of service, the
11     that's the date of service in which the
12     process service was purchased, right?
13          A.    Correct.
14          Q.    The next number says I N D what
15     does that mean?
16          A.    Individual.
17          Q.    Are these next four columns had --
18          A.    Types of service.
19          Q.    What does individual mean in that
20     context?
21          A.    Individual would be akin to
22     personal service on the named defendant.
23          Q.    And the next column says S UBS, do
24     you know what that means?
25          A.    That means substitute service

2    meaning substitute list has been completed.
3        Q.   What does that means?
4        A.   Substitute service means of
5    serving for another individual.
6        Q.   Next column says N/ML.  What does
7    that stand for?
8        A.   Nail and mail.  Yes.
9        Q.   And that we addressed already?
10       A.   Yes.
11       Q.   And in this process the notice is
12   affixed to the door and mailed to the
13   defendant, right?
14       A.   Correct.
15       Q.   A prerequisite to that form of
16   service is that there has to be three
17   attempts to serve by other means of presence?
18       A.   Due diligence, yes.
19       Q.   Yes, meaning three attempts,
20   right?
21       A.   Yes.
22       Q.   The next column says CORP, what
23   does that stand for, corporate?
24       A.   Correct.
25       Q.   What does that mean?

2           A.    I believe that's service on a
3     corporation.
4           Q.    If you go through this document it
5     looks like the vast majority of service was
6     made by nail and mail, is that fair to say?
7           A.    That's fair to say.
8           Q.    Is that consistent with your
9     understanding that the vast majority of
10    service was service process was?
11          A.    Yes.
12          Q.    That's more by nail and mail?
13          A.    Correct.
14          Q.    Has that been true since 2002?
15          A.    As far as I can recall, yes.
16          Q.    Do you have any sense of the
17    percentage of service that is accomplished in
18    collection actions by nail and mail?
19          A.    I would say over 80 percent.
20          Q.    And there are a number of pages
21    that are disbursed through this document that
22    look to be check stubs, correct?
23          A.    Yes.
24          Q.    And those are consistent with the
25    way checks are delivered by Cohen & Slamowitz

2          to entities like Midlantic, right, that

3          there's a stub with a check attached to it,

4          correct?

5               A.    Yes.

6               Q.    Presumably these are the stubs

7          separated from the checks, correct?

8               A.    Yes.

9               Q.    And it's one piece of proof that

10         the check without to pay for these invoices,

11         correct?

12              A.    Correct.

13                    (E-mail dated May 10, 2005 marked

14              Exhibit 6 for identification)

15              Q.    I have placed before you a

16         document labeled Exhibit 6.  The Bates label

17         on it starts with C&S 618 and runs through

18         C&S 625.  Do you see that?

19              A.    Yes.

20              Q.    Is it fair to say that these are

21         copies of e-mails generated at Cohen &

22         Slamowitz?

23              A.    Yes.

24              Q.    Would this be the result of a

25         search for Midlantic in Cohen & Slamowitz's