UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH COBLE, MILAGROS HARPER and
DENNIS HARPER, on behalf of themselves and
all others similarly situated,

                        Plaintiffs,

           -against-

COHEN & SLAMOWITZ, LLP, DAVID
COHEN, ESQ., MITCHELL SLAMOWITZ, ESQ.,
LEANDRE JOHN, ESQ. and CRYSTAL
S.A. SCOTT, ESQ.,

                        Defendants.
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _4/10/13_

**MEMORANDUM DECISION
AND ORDER**

11 Civ. 1037 (ER)(GAY)

On or about February 15, 2011, plaintiffs commenced this class action asserting

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Plaintiffs specifically allege that (1) defendants learned in November 2006 that affidavits

of service provided to defendants by their now-defunct process server (Midlantic

Process) and the related attorney affirmations were substantively false and (2) despite

said knowledge, defendants continued to collect on the consumer debts in issue.  On or

about December 9, 2011, plaintiffs filed an Amended Complaint as of right which added

a claim for actual damages under the FDCPA and certain factual allegations concerning

defendants' collection actions against two of the named plaintiffs since the filing of the

original Complaint.

By letter to Judge Ramos dated November 6, 2012, plaintiffs sought leave to file

a Second Amended Complaint; by letter dated November 27, 2012, defendants

opposed plaintiffs' application in its entirety.  On December 4, 2012, following a pre-

motion conference during which Judge Ramos heard arguments regarding the proposed amendment, the Court granted leave to amend to the extent that plaintiffs sought to add additional factual allegations disclosed in discovery and language explicitly referencing discovery rule tolling.  Judge Ramos also granted plaintiffs leave to file a motion to amend regarding their request to add an actual damages subclass and causes of action under New York law on behalf of the subclass only.  The matter was subsequently referred to the undersigned for general pretrial supervision.

Presently before this Court is plaintiffs' motion to file a Second Amended Complaint for the purpose of including: (1) two "actual damages subclasses" of consumers who have been garnished or had bank accounts restrained as a result of default judgments obtained by means of "nail and mail" affidavits of service executed by Kenneth Vega or Alfred Smith; (2) a claim for actual and punitive damages under New York General Business Law § 349 on behalf of the two actual damages subclasses only; (3) a claim for actual and treble damages under New York Judiciary Law § 487 on behalf of the two actual damages subclasses only; and (4) a claim for restitution based on unjust enrichment on behalf of the two actual damages subclasses only.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend."  See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  "Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted."  Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (citing cases).

The purpose of the proposed amendments at issue is to define and create a universe of consumers who are allegedly entitled to recover actual damages and/or restitution under the FDCPA and state law, measured by the amount of monies collected by defendants from the consumers, post-judgment, since October 30, 2006 (Vega subclass) and June 14, 2012 (Smith subclass).  Defendants contend that the proposed amendments are barred by the *Rooker-Feldman* doctrine.[1]

The *Rooker-Feldman* doctrine bars claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005).  More specifically, "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.  Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear."  See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005).

The FDCPA's provision for the recovery of actual damages is "intended to compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA."  See Mira v. Maximum Recovery Solutions, Inc., No. 11-CV-1009,

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

-3-

2012 WL 4511623, at *3 (E.D.N.Y. Aug. 31, 2012).  Said types of actual damages are clearly not barred by *Rooker-Feldman* and, indeed, the Amended Complaint added a claim for actual damages under the FDCPA.  On the other hand, via the proposed amendments at issue, the two subclasses of plaintiffs also seek to recover actual damages under the FDCPA and state law *in the amounts collected post-judgment*. Defendants would have had no right to collect those monies without the State Judgment; the State Judgment caused the actual damages sought to be recovered via the proposed amendments.  The proposed amendments, therefore, are barred by the *Rooker-Feldman* doctrine.  Accordingly, because the proposed amendments would be futile, plaintiffs' motion to amend is **DENIED.**

Dated:  April ___, 2013
         White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.

-4-