UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elizabeth Coble, Milagros Harper, and Dennis Harper, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>      v.<br><br>Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq.,<br><br>         Defendants. | Index: 11-cv-01037<br><br><br><br>Hon. Edgardo Ramos<br><br>Hon. George A. Yanthis |

**DECLARATION OF GARY KLEIN IN SUPPORT OF PRELIMINARY APPROVAL**

I, GARY KLEIN, hereby declare as follows:

  1. I am a partner in the law firm Klein Kavanagh Costello, LLP ("KKC") and one of Plaintiffs' counsel in this action, having been admitted to this case on a *pro hac vice* basis. [Docket No. 8]. I was formerly with the law firm of Roddy Klein & Ryan. I make this Declaration of my personal knowledge, and if called to testify, I could testify competently to the matters stated herein. This Declaration is provided in support of the parties' Joint Motion for Preliminary Approval of Class Settlement.

  2. I am an attorney with extensive experience representing debtors and consumers in class actions, debt collection, and unfair business practices litigation. To demonstrate my qualifications to represent the proposed Settlement Class in this action and the basis for my recommendation that the Court grant preliminary approval of the proposed class action settlement ("Settlement") reached in this case, I will summarize my background and qualifications, as well as those of Shennan Kavanagh, who has also been

involved in the day-to-day work in this case (admitted *pro hac vice* on March 4, 2014 (Docket No. 62)), below. A true and correct copy of KKC's firm resume, which includes my and Ms. Kavanagh's individual resumes, is attached.

3. I have been admitted to practice before the Massachusetts Supreme Judicial Court since 1992 and have been an attorney representing consumers since 1985. I was admitted to the Supreme Court of Pennsylvania in 1985. I am also admitted to various other courts including the Courts of Appeals for the First, Second, Third, Sixth, Seventh and Ninth Circuits and the United States Supreme Court.

4. I am a graduate of Rutgers Law School (J.D., 1985) and Yale University (B.A., 1980).

5. I am a nationally known expert on consumer law, having represented consumers in individual and class action cases since 1985. I was a former staff attorney at the National Consumer Law Center ("NCLC") in Boston, a non-profit law firm representing the interests of low-income consumers in court and in various legislatures from 1991-2000. Prior to that time, I litigated debt collection cases, among other consumer claims, for low-income consumer as a legal services attorney in Philadelphia, PA and Manchester, NH.

6. I have successfully litigated many unfair debt collection class actions on behalf of debtors stemming from improper attempts to collect on their mortgage loans, car loans, credit cards, medical debt and other consumer debt. Among other cases, I successfully litigated class cases against NCO Financial Systems, Inc., Worldwide Asset Purchasing, Inc., United Collections Bureau, Inc. and CICA Collection Agency for violations of the Fair Debt Collection Practices Act ("FDCPA") and various state debt

collection laws. I have also litigated against some of the nation's largest mortgage servicers, including BOA, Chase CitiMortgage, Ocwen, and others, for improper debt collection practices associated with servicing borrowers' mortgage loans. I have represented many bankruptcy debtors with claims against mortgage companies for engaging in debt collection practices that violate the Bankruptcy Code.

7. I have litigated cases against law firm debt collectors, and therefore have particularized knowledge of this industry and its debt collection practices. I successfully litigated a case against a Massachusetts' foreclosure law firm under the FDCPA. I have also litigated cases involving abuses of legal process, such as the failure to properly assign mortgages under Massachusetts law in the foreclosure process.

8. I have spoken and written extensively on debt issues and unfair debt collection practices. I authored the National Consumer Law Center's "most popular book," the "Guide to Surviving Debt," which provides practical advice to consumers on how to overcome debt problems and handle debt collectors. "Guide to Surviving Debt," has been lauded by U.S. News & World Report, Stephen Brobeck, Executive Director of the Consumer Federation of America, and the Hon. Marilyn Morgan, United States Bankruptcy Judge, among others. I have also written extensively on bankruptcy issues. I have conduced numerous seminars on debt collection issues in credit card servicing, mortgage servicing and bankruptcy.

*Shennan Kavanagh's Expertise*

9. Shennan Kavanagh is a partner at KKC and has worked with me on this case. Ms. Kavanagh's entire legal career has been devoted to consumer and debtor advocacy and class actions. She began her class action practice a decade ago, and has

3

exclusively represented plaintiff consumers.

10. Ms. Kavanagh has successfully litigated many class actions and individual cases involving violations of the FDCPA and other claims relating to unfair debt collection practices.

11. Ms. Kavanagh has written and spoken extensively on class action practice, including, co-authoring the National Consumer Law Center's treatise on Consumer Class Actions and co-authoring a law review article on class action remedies to address the subprime foreclosure crisis (with Gary Klein). She has conducted seminars on class actions and mortgage litigation for the National Consumer Law Center and Northeastern University School of Law, among others. She formerly served as co-chair of the Boston Bar Association's class action committee.

12. I and the attorneys at KKC have obtained several hundred million dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. Many of the listed cases also included programmatic relief, including foreclosure prevention programs and practice changes. A partial listing of litigated cases includes the following (some of which were litigated at Roddy Klein & Ryan):

- *In re JPMorgan Chase Mortgage Modification Litigation,* 11-md-02290 RGS (D. Mass) (challenge to Chase's failure to permanently modify troubled mortgages resulting in national settlement providing benefits to more than 60,000 homeowners).

- *In re Porsche Cars North America, Inc. Plastic Coolant Tubes Products Liability Litigation,* 11-md-2233 (S.D. Ohio) (class action settlement of products liability case challenging Porsche's failure to replace defective coolant tubes).

- *In Re Ameriquest Mortgage Co.* Mortgage Lending Practices Litigation, MDL No. 1715 (N.D. Ill.) (class action settlement of borrowers' challenge to subprime mortgage lending practices).

- *Ramirez v. Greenpoint Mortgage Funding, Inc.*, C08-0369 (N.D. Cal.) (class action settlement of mortgage lending discrimination claims asserting disparate impact of lender's discretionary loan mark-up policies).

- *Allen v. Decision One Mortgage Co.*, 07-cv-11669-GAO (D. Mass.) (class action settlement of lending discrimination claims).

- *Payares v. JPMorgan Chase & Co.*, 2:07-cv-05540-AG-AN (C.D. Cal.) (settlement of nationwide class action alleging mortgage lending discrimination).

- *In re Household Lending Litigation*, Case No. C 02-1240 CW (N.D. Cal.) (settlement on behalf of nationwide class of home mortgage borrowers injured by predatory mortgage lending practices with loan modification relief and money damages);

- *Curry v. Fairbanks Capital Corporation*, 03-10875-DPW (D. Mass.) (settlement of nationwide class action based on predatory loan servicing practices on behalf of class of 750,000 borrowers; co-counsel with National Consumer Law Center);

- *Cummins v. H & R Block, Inc.,* et al., Case No. 03-C-134 (Kanawha County, West Virginia) ($5.8 million settlement on behalf of state-wide class of Ohio consumers who obtained H&R Block tax refund anticipation loans. This settlement was consolidated with a nationwide settlement of the same claims, providing $62.5 million nationwide);

- *Coleman v. GMAC*, Civ. No. 3-98-0211 (M.D. Tenn.) (class action settlement in favor of nationwide class of minority consumer car buyers for violations of Equal Credit Opportunity Act);

- *Mey v. Herbalife*, (class settlement of claims under the telephone consumer protection act).

- *Pettway v. Harmon Law Offices PC* (class settlement of claims for overcharges against foreclosure law firm).

- *Sanders v. NCO*, (class settlement of claims under the FDCPA and state law for harassing debt collection contacts)

- *Vieau v. AGFA Corp.* (class action settlement for failure to provide necessary maintenance service to lessors of digital photographic processing equipment);

- *Mendez v. Island Finance Corporation*, 03-1075-JAF (D. P.R.) ($1,500,000 settlement of class action alleging violations of the Truth in Lending Act);

- *Torres v. Associates Financial Services*, et al, CN 03:2003 cv 01135 (D. P.R.) (class action settlement in favor of class of homeowners in Puerto Rico who received truth in lending disclosures which understated the cost of the loan);

- *Horowitz v. Boch Motor, Inc., et al,* Norfolk Superior Court, Massachusetts, Civ. No. 01-659 (settlement on behalf of statewide class of consumer car buyers for violations of law prohibiting certain practices in sale of ancillary theft deterrent products);

- *Cason v. Nissan Motor Acceptance Corp*, Civ. No. 3-98-0223 (M.D. Tenn.) (class action settlement in favor of nationwide class of minority consumer car buyers for violations of Equal Credit Opportunity Act);

- *Dwyer et al. v. NSTAR, Inc. et al.,* No. SUCV2001-01817 (Ma. Sup.) (class action settlement of consumer claims related to utility overcharge based on misclassification of billing rate).

13. The Settlement was negotiated at arms length by knowledgeable and experienced counsel during months of hard fought and often contentious discussions.

14. The procedures for identifying Settlement Class members, providing notice of the proposed Settlement terms, and affording opportunities to object to or opt out of the Settlement are fair and sufficient.

15. Through formal and informal discovery, as well as motion practice relating to some key issues in the case, Plaintiffs' counsel gained a thorough understanding of the merits, risks, and value of the case, and had more than sufficient information to determine, and to negotiate for, a fair resolution for the Settlement Class. Among other things, Plaintiffs, though counsel, obtained a randomly selected sample set of putative class members' collection files including affidavits of service, judgments, complaints, collection letters, and collection logs relating to more than 5,000 cases. Plaintiffs, through counsel, deposed former Midlantic process servers Kenneth Vega and Alfred Smith, the principals of Midlantic, and C&S principals David Cohen, Mitchell Slamowitz, Crystal Scott and Leandre John. Plaintiffs, through mediation and as a condition of the Settlement, obtained information relating to the Defendants' net worth.

16. The parties spent over a year negotiating the Settlement and every issue was hotly contested. The settlement process was overseen by a highly experienced mediator, the Hon. Stephen G. Crane (Ret.) of JAMS, who presided over two full-day mediation sessions in New York City as well as countless telephone conferences between the parties. The negotiations were arms length and the relief to the Settlement Class was negotiated before the parties began to discuss payment of attorneys' fees and costs. When it became clear that certain elements of the relief to the class had to be renegotiated, discussion of attorneys' fees and costs were placed on hold. Judge Crane will be making a determination as the reasonable amount of attorneys' fees and costs that Defendants should pay, and the parties have agreed to be bound by his decision.

17. In my opinion, based on my substantial experience as outlined above, as well as all of the work that was performed to litigate and settle this case, the Settlement warrants the Court's preliminary approval. Its terms are not only fair, reasonable and adequate, but also are a very favorable result for the Settlement Class. The Settlement provides substantial and concrete monetary benefits to Class members and is appropriately tailored to the FDCPA claims raised in their complaint. Based on all of the foregoing factors, I therefore respectfully recommend that the Court grant preliminary approval of the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Boston, Massachusetts on March 21, 2014.

          */s/ Gary Klein*
          Gary Klein