UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ELIZABETH COBLE, MILAGROS HARPER, and DENNIS HARPER, on behalf of themselves and all others similarly situated, | 11-cv-1037 (ER)(GAY) <br><br> **DECLARATION OF** <br> **DANIEL A. SCHLANGER, ESQ.** |
| Plaintiffs, | **HON. EDGARDO RAMOS** <br> **HON. GEORGE A. YANTHIS** |
| v. | |
| COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ., MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN, ESQ., and CRYSTAL S.A. SCOTT, ESQ., | |
| Defendants. | |

_____

DANIEL A. SCHLANGER hereby declares, pursuant to 28 U.S.C. § 1746, that the following facts are truthful:

1. I am an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York.

2. I am a partner at Schlanger & Schlanger, LLP, co-counsel for the Plaintiff in this matter, commenced under the Fair Debt Collection Practices Act (FDCPA), and I am the head of the firm's consumer law practice.

3. This declaration is made in support of the parties' Joint Motion For Preliminary Approval Of The Class Settlement (the "Motion").

4. I have personal knowledge of the facts set forth herein.

## I. QUALIFICATIONS OF DANIEL A. SCHLANGER, ESQ.

5. I am qualified to serve as Class Counsel in the instant consumer class action, as required by Fed. R. Civ. P. Rule 23(g).

6. I have been involved in this litigation from its inception, working to identify and investigate Plaintiffs' potential claims, develop Plaintiffs' theory of liability, and have participated actively in every aspect of the case from that point forward including drafting of the initial and amended complaints, opposing Defendants' motion to dismiss, all phases of discovery (including taking and defending depositions in New York and in Fort Myers, Florida and briefing of disputed discovery issues), attending every telephonic and in-person court conference, and participating actively in the extensive and rigorous settlement negotiations, conducted with the assistance of JAMS neutral, the Hon. Stephen G. Crane, that ultimately led to the instant settlement.

7. I have personally committed hundreds of hours to the instant litigation, and my firm has dedicated significant additional staffing resources including significant additional attorney and paralegal hours. Schlanger & Schlanger has also advanced significant costs, in the course of prosecuting Plaintiffs' claims.

8. In short, my firm and I have committed and will continue to commit the necessary resources necessary to effectively represent the class.

9. Moreover, as set forth below, I have extensive experience handling federal consumer protection cases, including numerous class actions, and – in particular – have deep experience in cases such as this one, i.e. FDCPA litigation involving allegations of misconduct by debt collection law firms.

10. Specifically, my qualifications are as follows:

11. I am a 2004 graduate of Harvard Law School, *cum laude*.

12. Following law school, I clerked for one year on the United States Court of Appeals 11th Circuit for the Honorable R. Lanier Anderson, III.

13. From August 2006 through July 2007, I worked as a staff attorney at the Legal Aid Society of Cleveland where I was a member of the Consumer Protection practice group.

14. I joined Schlanger & Schlanger, LLP in August, 2007. My practice focuses exclusively on consumer protection issues. Since joining the firm, I have regularly represented plaintiffs in federal consumer protection actions, including but not limited to the following individual and class action litigation (in addition to the instant case):

    a. *In re Porsche Cars North America, Inc., Plastic Coolant Tubes Products Liability Litigation,*
    2:11-md-2233 (MDL); *See, e.g.* 880 F. Supp. 2d 801 (S.D. Ohio 2012)(finally approved MDL class action) (member, executive committee)

    b. *Tito v. Rubin & Rothman, LLC, et al.,*
    12- civ-3464(S.D.N.Y. 2011)(finally approved FDCPA class action)

    c. *Paz v. Rubin & Rothman, LLC, et al.,*
    11-civ-9625 (S.D.N.Y. 2011)(preliminarily approved FDCPA class action)

    d. *Moy v. Eltman, Eltman & Cooper,* 12-cv-02382 (E.D.N.Y. 2011)(preliminarily approved FDCPA class action)

    e. *Madden v. Midland Funding et al.,*11-civ-814 (S.D.N.Y. 2011) (pending class action, brought pursuant to FDCPA and state usury laws)

    f. *Shepherd v. Law Offices of Cohen & Slamowitz, LLP,*
    668 F.Supp.2d 579 (S.D.N.Y. 2009); 2010 WL 4922314 (S.D.N.Y., November 29, 2010)

    g. *Hernandez v. Erin Capital Mgmt., LLC*,
    2011 U.S. Dist. Lexis 114133 (C.D.Ca 2011)

    h. *Diaz v. Portfolio Recovery Assoc., LLC,*
    2012 U.S. Dist. LEXIS 25802 (E.D.N.Y. Feb. 28, 2012); 2012 U.S. Dist. LEXIS 72724 (E.D.N.Y. May 23, 2012)

i. *Douyon v. NY Health Medical P.C. et al.*,
2011 WL 1740630 (E.D.N.Y. 2011); 2012 U.S. Dist. LEXIS 141031
(E.D.N.Y. 2012); 2013 U.S. Dist. LEXIS 138053 (E.D.N.Y. 2013)

j. *Healy v. Enterprise Recovery Systems, LLC,*
11-CV-3295 (SDNY 2011)

k. *Robertson v. Capital Management Services, P.C,*
12 –civ-4860 (S.D.N.Y.)

l. *Simmons v. Collection Bureau Hudson Valley. Inc.,*
08 civ 6407 (S.D.N.Y. 2008)

m. *Simmons v. Security Credit Systems. Inc.,*
08 civ 7701 (S.D.N.Y. 2008)

n. *Taronji v. Mel S. Harris & Associates, LLC,*
08 civ 2126 (E.D.N.Y. 2008)

o. *Blair v. Forster & Garbus,*
09 civ 2407 (S.D.N.Y. 2009)

p. *Magliocca v. Auto Gallery Imports, et al.,*
09 civ 0766 (E.D.N.Y. 2009)

q. *Maria Bolaños v. Arrow Financial Services, LLC, et. al.,*
10-civ-07243 (S.D.N.Y. 2010)

r. *Dewey v. Midland Credit Management, Inc. et al.,*
10-civ-7857 (S.D.N.Y. 2010)

s. *Rathburn v. Sharinn & Lipshie, P.C. et al.,*
10-civ-04449 (S.D. Tex. 2010)

t. *Robert v. Cohen & Slamowitz, LLP,*
*12*-civ 2551 (E.D.N.Y. 2012)

u. *Singleton v. New Century Financial Services, Inc, et al.,*
10-civ-3982 (E.D.N.Y. 2010)

v. *Darby v. Palisades Collection, LLC, et al,*
11-civ-1673 (E.D.N.Y. 2011)

w. *Dempsey v. Navy Federal Credit Union,*
11-civ-0166 (E.D.N.Y. 2011)

    x.    *Hauseman v. Consumer Recovery Associates and ICS & Associates,*
           11-civ-00772 (E.D.N.Y. 2011)

    y.    *San Antonio & Miguel Jimenez-Veloz v. Northern Auto Traders, LLC, et al.,*
           11-civ-1415 (E.D.N.Y. 2011)

    z.    *So v. Nemet Motors, LLC, et al.,* 11-civ-0168 (E.D.N.Y. 2011)

    aa.    *Trinidad v. David J. Gold, P.C. and David J. Gold, Esq.,*
           11-civ-1744 (E.D.N.Y. 2011)

    bb.    *Webster v. Asset Acceptance, LLC, et al.,*
           11-civ-00670 (S.D.N.Y. 2011)

    cc.    *Molina v. Windels, Marx, Lane & Mittendorf, LLP,*
           11-cv-02995 (S.D.N.Y. 2011)

    dd.    *Johnston v. Capital One,*
           11-cv-02269 (S.D.N.Y. 2011).

    ee.    *Mendoza et al v. G & M Foods,*
           08-civ-4498 (S.D.N.Y. 2008)

    *ff.*    *Cisneros-Calderon et al. v. Salinas Enterprises, LLC,*
           08-civ-6406 (S.D.N.Y. 2008)

    gg.    *Pierre v. Planet Automotive et al.*
           13-cv-675 (E.D.N.Y. 2013)(pending)

    hh.    *Ortiz v. Great Atlantic Partners, LLC et al.* ,
           13-cv-523 (E.D.N.Y. 2013)(pending)

    ii.    *Garcia v.Great Atlantic Partners, LLC et al.,*
           13-cv- 4631 (E.D.N.Y. 2013)

    jj.    *Renken-Sebastian v. Retrievel-Masters Creditors Bureau, Inc.*
           7:14-cv-00390 (S.D.N.Y.)(pending)

15.    I have also frequently represented consumers in state court litigation, including but not limited to the following cases, many of which –like the case at bar – have involved issues related to improper service of process:

a. *United States Bank Nat'l Ass'n v. Pia*, 2011 N.Y. Misc. LEXIS 4962 (N.Y. Sup. Ct. Oct. 7, 2011)(granting consumer rescission of home loan pursuant to the Truth In Lending Act); affirmed 106 A.D.3d 991 (2d Dept 2013); lv to appeal denied, 2013 LEXIS 2512 (Ct of Appeals, 9/17/13); Slip Op. dated 12/17/13 (awarding fees and costs).

b. *FIA Card Services, N.A. v. Miguel Escobar,* Index No. 18132/09 New York County, Civil Court. See 2010 WL 3143631 (N.Y. City Civ. Ct.) (Trial Order)(dismissing motion to enforce arbitration award on grounds that arbitral forum was institutionally biased against consumers)

c. *Worldwide Asset Purchasing LLC v. Austin,* Index No. 85344/07 Bronx County Civil Court, See Slip Op. dated 8/7/12 (dismissing motion to enforce arbitration award on grounds of lack of service and on grounds that the arbitral form was institutionally biased against consumer)

d. *NYCTL 2009-A Trust, et al. v. Louis Molina, et al.,* Index No. 209274/2010 Bronx County, Supreme Court

e. *Harvest Credit Management VII, LLC v. Athas,* Index No. 75446/08 Civil Court, New York County, See Slip Op, dated 2/1/10 (granting motion to vacate and dismiss based on improper service)

f. *Household Finance Corp. III v. Hector Ventura,* Index. No. 97676/07 Bronx County Civil Court

g. *Rita Pesce v. Aldo Gori, et al.* Index No. 11566/07 Queens County Supreme Court, See Slip Op dated 2/22/10 (granting Defendant's motion to vacate judgment).

h. *Access Group, Inc. v. Margaret Bartels,* Index No. 53229/2013, Westchester County, Supreme Court

i. *CACV of Colorado, LLC v. Sannicandro*, Index No. 651/09 Westchester County, Supreme Court, See Slip Op. dated 6-15-10 (denying Plaintiff's motion for summary judgment)

j. *Personal Image, PC v. Anna Montalbano,* Index No. 31263/10 Queens County, Civil Court

k. *Wellcorp. Inc. v. Donatien,* Index No. 2201/09 Westchester County, White Plains City Court

l. *American Express Bank, FSB v. Evelyn Santiago*, Index No. 689/11 Suffolk County, District Court

m. *Midland Funding, LLC v. Mitsos,* Index. No. 953/09
Westchester County, Supreme Court, See Slip Op. dated 1/6/11 (vacating judgment, ordering return of all monies garnished/restrained, and dismissing case based on improper service of process.)

n. *Discover v. Benjamin J. Blair*, Index No. 5592/08
Westchester County, Supreme Court

o. *Discover Bank v. Daniel Miller,* Index No. 1085/02
Sullivan County, Supreme Court, See Slip Op. dated 9/22/08 (vacating judgment, ordering release of restrained funds, and dismissing case based on improper service of process)

p. *Midland Funding, LLC v. Gloria Shepherd*, Index No. CV60/08
Westchester County, City Court of White Plains, See Slip Op. dated 6/3/08 (vacating judgment, dismissing case, and awarding costs based on improper service of process)

q. *MRC Receivables Corp. v. Gloria Shepherd*, Index No. 1743/05
Westchester County, City Court of White Plains

r. *CGSA, LLC v. Elizabeth Mescall*, Index No. CV0242-07
Westchester County, City Court of Yonkers;

s. *Elizabeth Mescall v. Bronson & Migliaccio*, Index No. CV0242-07,
Westchester County, City Court of Yonkers

t. *Metro Portfolios v. Leppert, Index No.* SU08424/07
Rockland County, Supreme Court

u. *LR Credit 10, LLC v. Richard & Judith Campos*, Index No. 06 CV 3533
Westchester County, City Court of Yonkers

v. *Discover Bank v. Ulric X. Spruill*, Index No. 12990/08
Westchester County, Supreme Court

w. *Target National Bank v. Ulric X. Spruill*, Index No. 579/08
Westchester County, City Court of Peekskill

x. *Portfolio Recovery Associates, LLC v. Diaz, Index No. 124815/09*
Kings County Civil Court

y. *Midland Funding, LLC v. Xavier F. Pia. Jr.*, Index No. 253/09
Putnam County, Supreme Court

z. *Stephen Ryder, et al. v. James J. Mullen. et al.*, Index No. 19442/07

      Westchester County, Supreme Court, Slip Op Dated 6/18/08 (ordering return of homebuyer's $50,000 downpayment)

  aa. *U.S. Bank v. Garcia*, Index No.15692/09
    Westchester County, Supreme Court

  bb. *Jean Louis v. Asset Acceptance*, Index No. 2742/09
    Sullivan County, Supreme Court

  cc. *Palisades Collection, LLC v. Darby*, Index No. 19923/06
    Kings County, Civil Court

  dd. *Arrow Financial Services, LLC v. Bolanos*, et al. Index No. 8743/09
    Dutchess County, Supreme Court.

  ee. *Empire Portfolios v. McCarthy,* Index No. 132584/09
    Bronx County, Civil Court

  ff. *Asset Acceptance v. Nicolaidis,* Index No. 3281/08
    Sullivan County, Supreme Court

  gg. *Palisades Collection, Inc. v. Hirose,* Index. No. 32365/06
    New York County, Civil Court

  hh. *CACH v. Uribe,* Index No. 7305/07
    Westchester County, Supreme Court

16. I have also resolved many FDCPA claims and many state court collection defense cases, pre-litigation.

17. In addition to the list of cases above – which is by no means exhaustive – I have been meaningfully involved in virtually all of the affirmative federal consumer cases handled by Schlanger & Schlanger, LLP in which attorneys Peter Lane and/or Elizabeth Shollenberger have served as lead counsel over the past several years.

18. I am a former member of the New York City Bar Association Professional Responsibility Committee, which I served on 2009-2010.

19. From 2010 to Fall, 2013, I sat on the New York City Bar's Civil Court Committee, which deals virtually exclusively with consumer law issues.

20. I currently sit on the New York City Bar's Consumer Affairs Committee, which deals exclusively with consumer law issues.

21. I also serve as the co-chair of the Westchester County Bar Association's Pro Bono committee, which deals extensively with consumer law issues.

22. I am a member of the National Association of Consumer Advocates, and served from 2010 through 2012 on that organization's Education Committee.

23. I have served as a panelist for a CLE training for volunteer attorneys on consumer protection issues, sponsored by the New York City Bar Association and Fordham Law School's Feerick Center for Social Justice (Spring 2012), and regularly serve as a consumer law expert in CLARO clinics for *pro se* litigants in Westchester and Manhattan, where I advise volunteer attorneys assisting consumers with collection defense matters.

24. Since mid-2012, I have served as the Chair of the Westchester CLARO program's Steering Committee.

25. In May of 2013, I was awarded a New York State Bar Association's President's award for my *pro bono* work on behalf of consumers.

26. I have been a speaker on practicing consumer law in the private bar (National Association of Consumer Advocates Webinar, Fall 2012), and have served as a guest speaker on consumer protection issues at SUNY Buffalo School of Law (Stonybrook/NYC Campus, Spring 2013).

27. I have also been quoted on consumer law matters in both the New York Times ("Debts That Won't Die, July 30, 2010)("A Warranty She Didn't Want", May 7, 2011), and the American Bar Association Journal ("Payback: Lawyers on Both Sides of Collection Are Feeling Debt's Sting, December 1, 2010).

28. I have published on consumer law issues, including on issues relating to improper service of process in New York consumer collection actions. These publications include:

   a. *Assisting the Consumer Debtor, Part I: Becoming Aware of Potential Affirmative Claims*, New York State Bar Association, One on One (Quarterly Publication of the General Practice Section), Fall 2009, Vol. 30, No.3;

   b. *Assisting The Consumer Debtor, Part II: Defenses To Consumer Credit Claims*, New York State Bar Association, One on One (Quarterly Publication of the General Practice Section), Winter 2009, Vol. 30, No.4; and

   c. *Assisting The Consumer Debtor, Part III: Improper Service*, New York State Bar Association, One on One (Quarterly Publication of the General Practice Section), Spring/Summer 2010, Vol. 31, No.2.

29. In light of my deep involvement in this intensively litigated case since its inception; the resources I and my firm have committed and will continue to commit to representing the class; my extensive experience representing consumers in federal court in class and individual litigation under the FDCPA and other consumer protection statutes (including extensive experience bringing FDCPA claims against debt collection law firms); my extensive experience representing consumers, in general, and victims of improper service of process, in particular, in state court litigation; and the other significant experience and

qualifications set forth herein, I respectfully submit that I clearly meet the requirements of Fed. R. Civ. P. 23(g), and will fairly and adequately represent the interests of the class.

## II. HISTORY OF SETTLEMENT NEGOTIATIONS

30. I have been personally involved in the extensive negotiations regarding settlement of this matter.

31. Specifically, I was involved in the parties' attempts to resolve the case prior to mediation, and attended both the full day mediation session conducted with the assistance of JAMS neutral the Hon. Stephen G. Crane (ret.) on October 19, 2012 and the second full day mediation conducted with Judge Crane's assistance on June 18, 2013.

32. In addition, I have personally attended numerous telephone conferences with opposing counsel regarding settlement, many of which were also attended by Judge Crane, and have engaged in extensive written correspondence with opposing counsel regarding settlement, including innumerable emails, and repeated circulation of proposals, counterproposals, draft documents, revised draft documents, etc.

33. As such, I can attest from personal knowledge that the settlement negotiations in the instant case, conducted over the course of more than a year, were extensive, rigorous, hard fought, and conducted at arm's length.

34. Class Plaintiff Elizabeth Coble has been actively involved in this litigation from its inception, has reviewed the settlement agreement, and fully supports the settlement terms.

35. Named Plaintiffs Dennis and Milagros Harper have also been actively involved in this litigation from its inception. Although, after due consideration of material facts, the Harpers have decided to separately settle their claims on an individual basis, they understand the terms of the class-wide settlement agreement and fully support it.

36. I firmly believe that the settlement reached with Defendant is fair, reasonable and represents an excellent outcome for the Class, in many ways achieving more via settlement than could likely have been achieved at trial.

37. The reasons for my belief are further set forth in the Memorandum of Law submitted in support of the Motion.

38. I declare under the penalty of perjury that the foregoing Declaration is true and correct.

Dated: March 21, 2014

                                            *s/Daniel A. Schlanger*
                                            _____
                                            Daniel A. Schlanger, Esq.