UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elizabeth Coble, Milagros Harper, and Dennis Harper, on behalf of themselves and all others similarly situated. | DECLARATION OF HON. STEPHEN G. CRANE (RET.) IN SUPPORT OF MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT |
| Plaintiffs | |
| v. | |
| Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq. | INDEX: 11-CV-01037 |
| Defendants | |

I, Hon. Stephen G. Crane, hereby declare as follows:

1. I am a former Senior Associate Justice of the Appellate Division, Second Department and served as a Justice of the Supreme Court, New York County. I currently serve as a mediator with JAMS, the nation's largest private provider of alternative dispute resolution services. As a former trial and appellate judge and with JAMS, I have over 30 years of dispute resolution experience.

2. I personally presided over two full-day mediation sessions in this litigation, which took place in New York City on October 19, 2012 and June 18, 2013. Counsel for both sides prepared formal mediation statements in advance of the mediation sessions for my review.

3. During the mediation sessions, the parties had extensive discussions about the allegations and merits of Plaintiffs' complaint; Defendants' alleged misconduct; the damages sustained by Plaintiffs' and the other class members; Defendants' defenses to Plaintiffs' claims; and the forms of potential relief available through settlement and subject to the statutory limitations of the Fair Debt Collection Practices Act ("FDCPA").

4. The settlement discussions were rigorous, hard-fought and unquestionably conducted at arms-length. Defendants disputed not only Plaintiffs' factual allegations of wrongdoing, but also Plaintiffs' theories of liability.

5. The parties reached an Agreement In Principle ("AIP") at the second mediation session on June 18, 2013, which included the principal terms of relief for the Plaintiffs and class. They spent the next few months finalizing the details of the AIP, with my assistance by telephone, and executed it in September 2013. I also had many telephone conferences with the parties over a period of four months following the execution of the AIP to assist them in resolving numerous additional issues that subsequently arose. The settlement terms reflect considerable diligence, creativity, and flexibility on the part of all counsel.

6. The parties have agreed to submit the question of attorneys' fees and costs to me and to be bound by my decision, subject to court approval, on the appropriate amount of attorneys' fees and costs that should be paid in this case. I received Plaintiffs' Petition for Attorneys' Fees and Costs on October 16, 2013, and Defendants' opposition on December 16, 2013. Plaintiffs' reply brief is due on or before April 18, 2014. As such, I am still in the process of considering Plaintiffs' fee application and anticipate that I will make my determination of the reasonableness of the fees and costs request within a short period after receiving Plaintiffs' reply brief.

7. I understand that the settlement, and my forthcoming determination upon court approval on the attorneys' fees and costs, brings a full and final resolution to this litigation.

8. I am familiar with counsel for both sides and their law firms, and know they have significant experience and expertise about the substantive and procedural issues in this litigation. Both sides vigorously represented the interests of their clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in New York City on March 27, 2014.

_____
Hon. Stephen G. Crane