**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Elizabeth Coble, Milagros Harper, and Dennis Harper, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq.,<br><br>Defendants. | Index:  11-cv-01037<br><br><br>Hon. Edgardo Ramos<br><br>Hon. George A. Yanthis |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into as of this 27th day of May, 2014, by and between Plaintiff Elizabeth Coble, individually and as representative of the proposed Settlement Class, and Defendants, to settle and compromise, according to the terms and conditions herein, the above-captioned litigation (the "Action") presently pending in the United States District Court for the Southern District of New York.

## I.    DEFINITIONS

The following definitions apply to and are incorporated into this Settlement Agreement:

1.      "C & S" means defendant Cohen & Slamowitz, LLP, a New York limited liability company with its principal place of business in Woodside, New York which regularly engages in the business of collecting consumer debts alleged to be due to another.

2.      "Claim Form" refers to the two forms attached as Exhibits A-1 and A-2, one of which will be submitted by each Settlement Class and Settlement Subclass member respectively who wishes to request benefits under this Settlement Agreement.

3.      "Class Counsel" means the following attorneys:

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, NY 10036

Shennan A. Kavanagh, Esq.
Gary Klein, Esq.
Klein Kavanagh Costello, LLP
85 Merrimac Street, 4th Floor
Boston. MA 02114

4.      "Class Plaintiff" means Elizabeth Coble.

5.      "Counsel for Defendants" means Wilson Elser Moskowitz Edelman & Dicker, LLP.

6.      The "Court," unless otherwise indicated, means the United States District Court for the Southern District of New York.

7.      "Defendants" means C & S plus the Individual Defendants defined in paragraph 10 below.

8.       "Effective Date of Settlement" means the date on which the appellate rights with respect to the Final Approval Order and Judgment in the Action have expired or been exhausted in such a manner as to affirm the Final Approval Order and Judgment.

9.      "Final Approval Order and Judgment" means the order and final judgment entered by the Court that approves the class settlement with finality in all respects, and dismisses with prejudice the claims of the Class Plaintiff, the Settlement Class and the Settlement Subclass members who do not opt out as provided in Federal Rule of Civil Procedure 23(b)(3). The current proposed form of Final Approval Order and Judgment is attached as Exhibit B. The Parties reserve the right to amend the proposed form of Final Approval Order and Judgment before submitting it to the Court in connection with settlement approval proceedings.

- 2 -

10.     "Individual Defendants" means David Cohen, Esq., and Mitchell Slamowitz, Esq.

11.      "Involuntary payment" means any payment made by means of any device set forth in Article 52 of New York's Civil Practice Law and Rules ("Money Judgments – Enforcement") including, without limitation, wage garnishment, levy, execution, bank restraint, or other process covered by  the statute.

12.      "Midlantic" means Midlantic Process, Inc., a now-defunct process-serving firm.

13.      "Notice" means the two forms attached as Exhibits C-1 and C-2 (Short Form Notices), which will be mailed to potential Settlement Class and Settlement Subclass members respectively as described in subparagraph 41(b) below to advise them of this Settlement Agreement and their rights hereunder, together with the two forms attached as Exhibits D-1 and D-2 (Long Form Notices), which will be available on the Settlement Website to provide further information to Settlement Class and Settlement Subclass members respectively as described in subparagraph 41(d) below.

14.      "Notice Plan" means the method of providing notice to the Settlement Class and Settlement Subclass as approved by the Court in its Preliminary Approval Order.

15.      "Parties" means the Class Plaintiff, individually and on behalf of the Settlement Class and Settlement Subclass members, and the Defendants as each of those terms is defined in this Settlement Agreement.

16.      "Preliminary Approval Motion" means a motion to be filed by Class Counsel requesting that the Court enter a Preliminary Approval Order granting preliminary approval of this Settlement Agreement and Notice Plan.

17.      "Preliminary Approval Order" means an order entered by the Court substantially in the form of the order attached as Exhibit E.

18.     "Released Claims" means the following:

a. *With regard to members of the Settlement Class*:   Claims for statutory damages under the FDCPA, as well as release of all claims that were raised or could have been raised in the instant action based on a common nucleus of operative facts other than FDCPA actual damage claims, provided however that: (i) the release shall not include any defense to any of the underlying state court actions and/or judgments; and (ii) the release shall not include waiver or release of any claim  any Settlement Class member in the instant action may have in *Hallmark v. Cohen & Slamowitz*, 11-cv-842S (W.D.N.Y), See 2013 WL 5178128 (W.D.N.Y. 2013).  Likewise, Defendants agree that any release entered into in *Hallmark* shall not apply to any claims arising in this instant litigation.  Nothing herein shall be deemed as an admission by Defendant that the *Hallmark* matter is suitable for class certification, nor as an admission by any party in the instant litigation that there are any members of the instant Settlement Class or Subclass who are also members of any putative class in *Hallmark*.

b. *With regard to members of the Settlement Subclass*:  Claims included in the release set forth above at Paragraph 18(a), with the exclusions from the release set forth therein except that all actual damage claims under the FDCPA will also be released.   The Settlement Subclass acknowledges that with the acceptance of this settlement and the payment provided herein, that Settlement subclass members cannot seek to recover anything further from the Defendants

with regard to any involuntary payment made by Subclass members as more fully defined in paragraph 11 herein.

c. *With regard to the Class Plaintiff*:  Claims included in the releases set forth above in Paragraphs 18(a) and (b) and, in addition, release of any and all claims, demands, liabilities, damages or losses or expenses which they have suffered from the beginning of the world to date, including but not limited to any and all claims, demands, liabilities, damages, losses or expenses which have been or which could have been asserted by the Class Plaintiff in the above-captioned action. Defendants confirm in this regard that no account(s) for which the Class Plaintiff is the purported debtor, other than the accounts the attempted collection on which underlies the instant action, have been placed with or collected upon by Defendants.

19.     "Released Parties" means all named Defendants in this action as well as Leandre John, Esq., and Crystal Scott, Esq. who were named as defendants in the operative complaint.

20.     "Settlement Administrator" means First Class, Inc.

21.     "Settlement Class" means all persons who have been sued in one or more consumer collection actions commenced in New York State between December 30, 2002 and the present in which C & S represented the state court Plaintiff; and the affidavit of service was signed and/or notarized by Midlantic or any owner, agent or employee of Midlantic.  Defendants represent that there are approximately 47,095 members of the Settlement Class.

22.     "Settlement Subclass" means all Settlement Class members who made one or more Involuntary Payments after October 30, 2006 following a judgment taken (on any date before or after October 30, 2006) in a consumer collection action commenced in New York State in which

C & S represented the state court Plaintiff; and the affidavit of service was signed and/or notarized by Midlantic or any owner, agent or employee of Midlantic.   Defendants represent that there are approximately 7,216 members of the Settlement Subclass. The term "Class members" where used herein without qualification means all Settlement Class members, inclusive of Settlement Subclass members.

23.    "Smith Deposition Transcript" means the transcript of the deposition taken in this matter on June 14, 2012 of former Midlantic process server Alfred Smith.

24.    "Vega Affidavit" means the affidavit sworn to October 30, 2006, by former Midlantic process server Kenneth Vega, in the matter titled Caprino, et al v. Cohen & Slamowitz, et al (21-cv-4814)(E.D.N.Y.), which was attached to the First Amended Complaint in the case at bar as Exhibit 1.

## II.    RECITALS

25.    Defendants deny the material factual allegations and legal claims asserted in the Action by the Class Plaintiff, and do not believe the claims asserted in the Action are meritorious. The Class Plaintiff disagrees and stands by her claims and allegations.

26.    The Parties desire to compromise and settle this matter, in order to avoid the uncertainty and expense of further litigation.

27.    This Settlement Agreement was entered into after extensive arm's length discussions and negotiations between counsel.   These negotiations included two full-day mediation sessions with the Honorable Steven Crane of JAMS, and numerous follow-up negotiations both with and without Judge Crane.

28.    After due consideration of the material facts, Plaintiffs Milagros and Denis Harper have agreed to separately settle their claims against Defendants on an individual basis which is

memorialized separately.  The Harpers are not Settlement Class members, but nevertheless support this settlement.

29.     Counsel for Defendants and Class Counsel agree that the terms of this Settlement Agreement provide a fair, adequate, and reasonable resolution of the Action.

30.     The Parties will request that the Court approve a class settlement of the Action, consistent with the terms herein.  If the Court approves the class settlement, the Parties will request entry of a Final Approval Order and Judgment that dismisses all claims in the Action with prejudice.

31.     Considering the pertinent facts and applicable law, and the substantial benefits that will inure to Class members, the Class Plaintiff and Class Counsel have concluded that it is in the best interests of the Class Plaintiff and Class members to enter into this Settlement Agreement to avoid the uncertainties of litigation.   The Class Plaintiff and Class Counsel consider this Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Class members.

32.     Defendants and the Class Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations leading to this Settlement Agreement.  They have voluntarily executed this Settlement Agreement on the advice of counsel.

33.     The Parties agree to cooperate fully, to execute the formal Settlement Agreement and any and all documents reasonably necessary to effectuate the settlement terms, and to take all reasonable actions that are necessary to obtain judicial approval of this Settlement Agreement and give this Settlement Agreement full force and effect.

34.     In consideration of the promises and mutual covenants set forth in this Settlement Agreement and the foregoing Recitals, the Parties agree that, upon entry of a Final Approval

Order and Judgment, that this Action shall be settled and compromised under the terms and conditions contained herein.

## III.   SUBMISSION OF SETTLEMENT TO THE COURT

35.   Class Counsel shall present this Settlement Agreement to the Court as soon as practicable through a Joint Preliminary Approval Motion that shall request entry of a Preliminary Approval Order that:

(a)   preliminarily approves the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class and Settlement Subclass;

(b)   certifies, for settlement purposes only, the Settlement Class and Settlement Subclass as defined in this Settlement Agreement, pending final approval of the Settlement Agreement;

(c)   approves the Notice and the Notice Plan;

(d)   sets a date by which Notice must be sent;

(e)   approves a Settlement Administrator;

(f)   schedules deadlines for the submission of Claim Forms, requests for exclusion, and objections;

(g)   schedules a final approval hearing after the Notice period has expired so that the Court can consider any objections to the settlement, approve the class settlement, and consider Class Counsel's applications for attorneys' fees and expenses and incentive awards; and

(h)   dismisses with prejudice all claims as against Defendants Crystal S.A. Scott, Esq. and Leandre John, Esq. only.

36.   Class Counsel and counsel for Defendants will request that the Court schedule a hearing to obtain final approval of the Settlement Agreement as soon as reasonably possible and consistent with the approved Notice Plan.

37.   After the Court provides its final approval of the Settlement Agreement, the Parties will request entry of a Final Approval Order and Judgment.   Among other things, the Final Approval Order and Judgment presented to the Court shall:

(a)     provide final Court approval of the terms of the Settlement Agreement as fair, adequate, and reasonable;

(b)     provide for the orderly performance and enforcement of the terms and conditions of the Settlement Agreement;

(c)     dismiss the Action with prejudice;

(d)     discharge the Released Parties from all further liability to Settlement Class and Settlement Subclass members with respect to the Released Claims;

(e)     provide a permanent bar, preventing each of the Settlement Class and Settlement Subclass members and any of their predecessors, successors, representatives, parent companies, subsidiaries, affiliates, heirs, executors, administrators, attorneys, successors, and assignees, from instituting, filing, commencing, prosecuting, maintaining, continuing to prosecute—directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever—any action in any state or federal court or in any other tribunal, forum, or proceeding of any kind that asserts any of the Released Claims against the Released Parties;

(f)     confirm that the Settlement Class and Settlement Subclass were certified for settlement purposes only;

(g)     find that the form and manner of disseminating class Notice as set forth in this Settlement Agreement and ordered by the Court was accomplished as directed, constituted the best practicable notice under the circumstances, met or exceeded the requirements of due process, and constituted due and sufficient notice to all members of the Settlement Class and Settlement Subclass; and

(h)     find that the Class Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class members at all times in the Action.

38.     The Parties shall jointly prepare all preliminary approval and final approval papers and Defendants shall not file responsive papers.

39.     Defendants shall provide notice to state and federal officials of the proposed class settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715) within 10 days after Class Counsel files the Settlement Agreement with a Preliminary Approval Motion.

40.     If the Preliminary Approval Order or the Final Approval Order and Judgment is not obtained from the Court in the form contemplated by this Settlement Agreement, or the Final

Order and Judgment is reversed or materially modified on appeal, this Settlement Agreement shall be null and void *ab initio* upon election of either of the Parties and have no further force and effect with respect to any of the Parties in the Action.

## IV.  NOTICE AND OPPORTUNITY FOR EXCLUSION

41.    Through the Settlement Administrator, Defendants will provide Notice to all Class members as follows:

(a)    Using information provided by Defendants, the Settlement Administrator will prepare two mailing lists of potential Class members.  The first mailing list ("Mailing List #1) shall consist of all persons who meet the Settlement Class definition, set forth above at Paragraph 21, other than Settlement Class members who also meet the Settlement Subclass definition, set forth in Paragraph 22.  The second mailing list ("Mailing List #2) shall consist of all persons who meet both the Settlement Class definition, and the Settlement Subclass definition.

(b)    The Settlement Administrator shall send the appropriate Short Form Notice to potential Class members postage paid.  Specifically, the Settlement Administrator shall send the Short Form Notice attached as Exhibit C-1 to Settlement Class members on Mailing List #1, and the Notice attached as Exhibit C-2 to Settlement Subclass members on Mailing List #2.

(c)    The Settlement Administrator shall complete the mailing as soon as practicable after entry of the Preliminary Approval Order, but in no event later than 30 days following entry of the Preliminary Approval Order, without further order of Court. Any Notice returned undelivered by the U.S. Postal Service shall be evaluated by the Settlement Administrator using its normal database follow up procedures, and the Notice shall be re-mailed if a more current address can be identified.

(d)    The appropriate Long Form Notice (i.e. Exhibit D-1 or Exhibit D-2) and the appropriate Claim Form (i.e. Exhibit B-1 or Exhibit B-2) shall be made available to Settlement Class Members and Settlement Subclass members respectively on the Internet on a website to be established and maintained by the Settlement Administrator, along with other documents filed with the Court, and Frequently Asked Questions ("FAQs") about the Settlement Agreement.  The content of the website will be mutually agreed upon by the Parties, and shall conform to the provisions of Paragraph 52, below.  This website shall remain active and accessible for 2 years after final approval of the settlement.

(e)     Class Counsel will receive an electronic copy of the compiled Class list (separately listing members of the Settlement Class and the Settlement Subclass) no later than twenty-one (21) days prior to the date by which mailing must be made.  At the time the compiled Class list is provided, Defendants will also provide a declaration setting forth the procedures used to compile the class list that is satisfactory to Class Counsel.    The Parties agree that the class list will be subject to the protective order entered in this case and will otherwise be maintained confidentially, and for attorney's and class administrator's eyes-only.  It shall be used by Class Counsel solely for verifying class membership upon inquiry by a class member and for the purpose of confirmatory discovery.  Class Counsel will destroy all copies of the class list no later than 60 days following entry of a Final Order.

(f)     Any Class Member who wishes to be excluded from the Settlement Class and/or Settlement Subclass must submit a written request for exclusion by First-Class U.S. Mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for the purposes of this Settlement Agreement.  Any request for exclusion from the Class Settlement must be postmarked on or before the deadline specified in the Notice, which shall be 60 days after the mailing of the Notice.  Anyone submitting a request for exclusion must:  (a) set forth his/her full name and current address; and (b) specifically state his/her desire to be excluded.

42.     Anyone who falls within the Settlement Class and/or Settlement Subclass definition and who does not submit a request for exclusion in complete accordance with the deadlines and other specifications set forth in the Notice shall become a Settlement Class and/or Settlement Subclass member (as appropriate) and shall be bound by all proceedings, orders, and judgments of the Court pertaining to the Settlement Class and/or Settlement Subclass (respectively) pursuant to this Settlement Agreement, absent a court order to the contrary obtained at his or her own expense.

43.     Defendants shall pay all costs reasonably incurred by the Settlement Administrator to provide the services specified in this Settlement Agreement.  Neither Class Counsel, the Class Plaintiff nor Class members shall be responsible for any costs of the Settlement Administrator.

44.     The Settlement Administrator shall, upon request, provide copies to Class Counsel and counsel for Defendants of all requests for exclusion and all written communications relating to the Settlement Agreement the Settlement Administrator receives from Class members or others that were not served on the Parties.   To the extent Class Counsel or counsel for Defendants receive requests for exclusions that have not been transmitted to the Settlement Administrator, they shall transmit those communications to the Settlement Administrator, who shall provide other Parties with a copy of those communications.

## V.     CLASS MEMBER BENEFITS & RELEASE

45.     In consideration for the release of claims by the Class Plaintiff and Settlement Class members, and the dismissal with prejudice of the Action, and subject to the "pour-over" provision set forth in subparagraph 46(b), below, Defendants will pay the total amount of $100,000 to be divided pro rata on a claims made basis by members of the Settlement Class ("Settlement Class Fund"), provided however, if pro rata distribution would result in a claim payment amount of less than $7.50 per claimant, the entire amount of the Settlement Class Fund will be paid to one or more mutually acceptable providers of free legal services in the Southern District of New York and approved by the Court.

46.     The Defendants will pay an additional amount of $37,500 to be divided among claiming members of the Settlement Subclass (the "Settlement Subclass Fund") by payments in the amount of $125 or the total amount of the involuntary payment (whichever is less).   The Settlement Subclass Fund will be subject to the following provisions:

      a.   In the event that the amount of the Settlement Subclass Fund is less than the amount necessary to pay all claimants in full according to the terms of the preceding sentence, the Settlement Subclass Fund payments will be reduced pro rata such that the total payment amount on all claims will not exceed $37,500.

b.   In the event that the Settlement Subclass Fund is more than the amount necessary to pay all claimants in the manner set forth above, any amount remaining will be added to (i.e. pour over into) the Settlement Class Fund and be distributed pro-rata to the Settlement Class.

47.    The Defendants will pay an additional amount of $5,000 as a  service payment to the Class Plaintiff.

48.    Defendants agree to treat all monies paid to the Class Plaintiff, Settlement Class members and Settlement Subclass members as exempt from restraint, garnishment, levy or other post-judgment execution.

49.    Funds remaining in the Settlement Class Fund or the Settlement Subclass Fund on a date that is 120 days after the last date on which settlement claims payment checks may lawfully be cashed will be paid to one or more mutually acceptable providers of free legal services in the Southern District of New York and approved by the Court.

50.    Defendants C&S, Cohen, and Slamowitz have provided confirmatory net worth statements under penalty of perjury on an "eyes only" basis to Class Counsel, which statements were made solely for the purpose of confirming representations made during settlement negotiations about the Defendants' collective net worth.  See 15 U.S.C. 1692k(a)(2)(B) (limiting recovery of statutory damages in an FDCPA class action to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector").

51.    Defendants represent and warrant that they are not currently and will not in the future send collection letters with regard to judgments involving Midlantic affidavits of service, and that Defendants are not currently and will not in the future commence any new post judgment collection actions (e.g., wage garnishment, bank restraint, taking of liens, issuance of post-

judgment discovery devices) with regard to judgments involving Midlantic affidavits of service. The Parties agree that this representation and warranty will not apply to post-judgment collection efforts that are already in place with regard to a particular account (e.g. already commenced wage garnishment, liens that are already in place, etc.). Class Counsel has found this representation and warranty to be acceptable, and it is to be treated as additional consideration to the Settlement Class and Settlement Subclass in exchange for their release.

52.     The Settlement Administrator will maintain a website that includes settlement documents and other agreed information for review by Class members. The class settlement website (the URL of which will be displayed prominently on the class notice), will contain a prominent hyperlink to evidentiary documents in the case, including, without limitation, the Vega Affidavit and the Smith Deposition Transcript.

53.     In order to receive the benefits set forth in paragraph 45 and/or  paragraph 46, Settlement Class members and Settlement Subclass members must timely submit the appropriate Claim Form, in accordance with paragraph 56 below.

54.     Upon the Effective Date of Settlement, the Class Plaintiff, Settlement Class members and Settlement Subclass Members will each forever release, discharge, waive, and covenant not to sue the Released Parties regarding any of the Released Claims.  This release includes all such claims that the Class Plaintiff, Settlement Class members and Settlement Subclass members do not know of or suspect to exist in their favor at the time of this release and that, if known by them, might have affected their settlement and release of the Released Parties, or might have affected their decision not to object to this agreement.

55.     The Released Parties and their counsel release the Class Plaintiff and Class Counsel from any and all claims including, without limitation, demands, rights, liabilities,

counterclaims and causes of action, of every nature and description that were asserted or could have been asserted in connection with this litigation or settlement of this litigation. This release, however, shall not include release of, or constitute a defense to counterclaims or defenses that may be asserted in any of the underlying state court actions or judgments against the Class Plaintiff involving Midlantic Affidavits of Service.

## VI.    CLAIM ADMINISTRATION

56.    All claims must be submitted (i.e., transmitted or post-marked) by the deadline specified in the notice, which shall be 60 days after the mailing of Notice. This applies to all Settlement Class and Settlement Subclass members. Class members who fail to submit valid claims within the time period cannot, and will be bound by the provisions and releases of this Settlement Agreement and the Final Approval Order and Judgment.

## VII.    OBJECTION PROCEDURE

57.    Any Class member who wishes to object to the Class Settlement must send a written objection ("Objection") to the Settlement Administrator by First-Class U.S. Mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for the purposes of this class settlement. All objections must also be filed with the Court and served on Class Counsel and on counsel for Defendants at the addresses specified below. Any objection must be postmarked on or before the deadline specified in the Notice, which shall be 60 days after mailing of the Notice. Only Class members may object to the Settlement Agreement. A Class member who submits a request for exclusion shall not be entitled to object to the settlement, and if both an exclusion and objection are submitted, the objection shall be deemed to be invalid. The Settlement Administrator shall be responsible for forwarding all Objections to counsel for Defendants and Class Counsel. Class Counsel or Defendants'

counsel shall serve and file any Objections no later than 14 days before the hearing on the Final

Approval Order and Judgment ("Fairness Hearing").

58.     In the Objection, an objecting Class member must: (i) set forth his/her full name,

current address, and telephone number; (ii) set forth a statement of the position the objector

wishes to assert, including the factual and legal grounds for the position; and (iii) provide copies

of all documents that the objector wishes to submit in support of his/her position.

59.     Any Class member who does not strictly comply with these objection procedures

and those specified in the Notice shall not be permitted to object to the class settlement.

60.     Subject to approval of the Court, any objecting Class member may appear at the

Fairness Hearing, in person or through counsel, to show cause why the proposed class settlement

should not be approved as fair, adequate, and reasonable.

## VIII.  ATTORNEYS' FEES, COSTS & SERVICE PAYMENTS

61.     The Parties have agreed to submit the question of attorney's fees and costs to the

Hon. Stephen G. Crane (Ret.), of JAMS.  Plaintiffs submitted their Petition for Attorney's Costs

and Fees to Judge Crane on October 16, 2013, and the Parties have agreed on a briefing schedule

with regard to Defendants' opposition and Plaintiffs' reply.  The Parties agree to be bound by

Judge Crane's decision on the appropriate amount of such attorney's fees and costs (subject to

court approval).

62.     Upon the Effective Date, Defendants agree to pay, within 10 days, to the Class

Plaintiff and Class Counsel the amount of the service payment, attorneys' fees, costs and

expenses as finally awarded by the Court, at the addresses provided by Class Counsel.

63.     Any fee awards and service payments payable hereunder and approved by the

Court shall be in complete satisfaction of any and all claims for such attorneys' fees, service

payments, and costs under state or federal law that the Class Plaintiff, Class members, or Class

Counsel have or may have against Defendants and the Released Parties arising out of the Action or in connection with the negotiation and preparation of this Settlement Agreement.

64.    The Parties shall not be responsible for attorneys' fees, costs, or expenses of any kind incurred by Settlement Class members who submit Objections to the Class Settlement or who exclude themselves from the Settlement Class.

## IX.    BINDING EFFECT

65.    Upon the Effective Date of Settlement, this Settlement Agreement shall be binding upon and inure to the benefit of the Parties, the Released Parties, and their representatives, heirs, successors, and assignees.

66.    This Settlement Agreement and its attachments shall constitute the entire agreement of the Parties.   This Settlement Agreement supersedes and replaces all prior negotiations and proposed agreements, written or oral.

67.    All of the attached exhibits are incorporated into this Settlement Agreement by reference.

## X.    EXECUTION AND MODIFICATION

68.    This Settlement Agreement may be executed in counterparts by the Parties, and a facsimile or emailed scanned signature shall be deemed an original signature for purposes of this Settlement Agreement.

69.    The Settlement Agreement shall not be subject to any change, modification, amendment, or addition, nor can any provisions be waived, without the express written consent of Class Counsel and counsel for Defendants.

70.    In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if Defendants

and Class Counsel, on behalf of the Class Plaintiff and Class members, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included this Settlement Agreement.

## XI. **TERMINATION**

71.     This Settlement Agreement is contingent upon Court approval.  If the Preliminary Approval Order or the Final Approval Order and Judgment is not obtained from the Court in the form contemplated by this Settlement Agreement and its proposed orders, or the Final Order and Judgment is reversed or modified on appeal, and either the Class Plaintiff or Defendants so elect, this Settlement Agreement shall be null and void and have no further force and effect with respect to any of the Parties in the Action.

72.      If the number of Class members eligible for Class Membership who elect to opt out of the class pursuant to Paragraph 41(f), *supra*, exceeds the threshold set out in a confidential side letter between the Parties, Defendants may elect to void this Settlement Agreement by providing written notice to Class Counsel of such election pursuant to paragraph 73, provided, however, that such notice shall be provided at least seven (7) calendar days before the Fairness Hearing.

73.     The canceling and terminating Party may make such election only by furnishing written notice of an intent not to proceed with the terms and conditions of this Settlement Agreement to the other Party within 15 calendar days of the event forming the basis for the election to terminate.  In the event of such an election, this Settlement Agreement and all negotiations, proceedings, documents, and related statements shall be without prejudice to the Parties, shall not be deemed an admission by any Party of any matter, and shall not be used for any purpose.  All Parties to the Action shall stand in the same position as if this Settlement

Agreement had not been negotiated, made, or filed with the Court, and without prejudice to the Parties' rights to either request or oppose class certification.

## XII.   OTHER TERMS AND CONDITIONS

74.     This Settlement Agreement, and all contractual rights and obligations provided for therein shall be construed under and governed by the laws of the State of New York, without giving effect to the State of New York's choice-of-law principles.  The method of calculation and amount of attorneys' fees and costs to be paid by Defendants to Class Counsel and shall be determined by the JAMS Arbitrator, the Hon. Stephen G. Crane (Ret.).  The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement, as well as any and all matters arising out of, or relating to, the interpretation or implementation of the Final Approval Order and Judgment.

75.     The Parties and their counsel have negotiated and fully reviewed the terms of this Settlement Agreement.  The rule that any uncertainty or ambiguity in this contract will be construed against the drafter shall not apply to the construction of this Settlement Agreement by a court of law or any other adjudicating body of this Settlement Agreement.

76.     The Parties will jointly request to stay all proceedings in the Action until entry of the Final Approval Order and Judgment.  The stay of proceedings shall not prevent the filing and service of any motions, affidavits, and other papers necessary to obtain approval of this Settlement Agreement.

77.     Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Defendants or to Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing:

<u>As to Class Counsel:</u>

- 19 -

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, NY 10016

<u>As to Defendants:</u>

Thomas A. Leghorn, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017

78.      Unless otherwise indicated herein, where any Party's exercise of any right under this Settlement Agreement requires written notice, the Party shall serve such written notice by First-Class U.S. Mail, postage paid, or any method that is at least as reliable and timely as First-Class U.S. Mail.

## XIII.  <u>NO ADMISSION OF LIABILITY</u>

79.      The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever.

80.      Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Class Members, Class Counsel, or anyone else.

## XIV.  <u>COLLATERAL ATTACK AND *RES JUDICATA*</u>

81.      To the extent permitted by law, this Settlement Agreement shall not be subject to collateral attack by any Class member or any recipient of the Class Notice after the Judgment is

entered.  To the extent permitted by law, such prohibited collateral attacks shall include but are not limited to claims that the procedures for claims administration were incorrect, or that the Class Members failed for any reason to receive timely notice of the procedure for submitting a Claim Form or disputing the calculation of his or her individual distribution.

82.     To the extent permitted by law, the Settlement Agreement and/or Judgment may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.  The Defendants may file this Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## XV.  NON-EVIDENTIARY USE

83.     Except as provided herein, neither this Settlement Agreement nor any of its terms shall be offered or used as evidence by any of the Parties, Class members, or their respective counsel in the Lawsuit or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the settlement and this Agreement.

## XVI.  CONFIDENTIALITY AND NON-DISPARAGEMENT

84.     In order to ensure that all information provided to Class members regarding the terms and conditions of this Settlement Agreement is content-neutral and has been approved by the Court in substance, the Parties agree that no press release or statements to the press shall be

made concerning the terms and conditions of this Settlement Agreement except as required by law or to effectuate the Settlement Agreement.

85.     The Parties shall abstain from making, publishing, posting, aiding, or authorizing the publication of any false or defamatory statements to any other persons about each other.

## XVII.   **EXTENSIONS OF TIME**

86.     Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Settlement Agreement.

## XVIII.   **NO PENDING ACTIONS**

87.     Each of the Parties represents and warrants that he or it is not aware of any other lawsuits or administrative proceedings involving Defendants regarding the subject matter of the Lawsuit.  Defendants represent that they have been and are not currently counsel to plaintiff in any state court action against the Class Plaintiff, whether pre- or post-judgment, other than Discover Bank v. Coble (Index: 36085/05).

The undersigned attorneys represent that they execute this agreement with the necessary authority of the party or parties that they represent.

Dated: 5/27/14

SCHLANGER & SCHLANGER, LLP

By:
Daniel A. Schlanger
Class Counsel, on behalf of the Class Plaintiff

Dated:
5/27/14

KLEIN KAVANAGH COSTELLO, LLP

By:
Gary Klein
Class Counsel, on behalf of the Class Plaintiff

Dated:
5/27/14

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:
Thomas A. Leghorn
For Defendants

- 23 -