UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# Records show that you were sued in a consumer collection action by Cohen & Slamowitz, LLP, and that Midlantic Process, Inc. handled service of process in that lawsuit.
# You are eligible for a payment and other relief from a class action settlement.

*A Federal court authorized this notice.  This is not a solicitation from a lawyer.*

• Your legal rights are affected whether you act, or don't act.  Please read this notice carefully.

• This settlement provides two different funds to pay the claims of Individuals who submit claims.  The funds total $137,500. This notice describes how the settlement funds will be divided.  The settlement also provides protections for you from other collection activities by Cohen & Slamowitz.

• The settlement resolves a lawsuit over whether the Defendants (Cohen & Slamowitz, LLP, and various attorneys who work there), engaged in false, misleading or deceptive debt collection practices. The parties disagree about whether the case has merit but have settled the case for reasons including the uncertainties associated with litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **File a Claim** | Receive a payment from the settlement.  Give up your rights to sue the Defendants for claims like those alleged in this lawsuit.  If you choose to file a claim, it must be postmarked by [Date]. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Cohen & Slamowitz, LLP, about the legal claims in this case. If you choose to exclude yourself from the settlement, your exclusion must be postmarked by [Date]. |
| **Object** | Write to the Court to explain why you think the settlement should not be approved.<br><br>If you object to the proposed settlement, you must also file a claim form if you wish to receive a financial benefit from the settlement.   If you file only an objection without filing a claim form, you will not be able to share in any settlement the court may approve.   If you choose to object, your objection must be postmarked by [Date]. |
| **Do nothing** | If you do nothing, you will not receive a payment from the settlement.  However, you will give up your rights to sue the Defendants for claims like those alleged in this lawsuit. However, you will not lose the benefit of Defendants' promises to change its practices or your right to challenge any collection judgment against you in state court. You will also not lose your ability to access documents on the settlement website that may be relevant to your state court defenses. |

• Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................... Page _
    1.   Why did I get this notice?
    2.   What is this lawsuit about?
    3.   What is a class action?
    4.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ............................................................ Page _
    5.   How do I know if I am part of the settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ..................................... Page _
    6.   What does the settlement provide?
    7.   How much will my payment be?
    8.   How does this settlement benefit the Class Members?

**HOW YOU GET A PAYMENT** ................................................................ Page _
    9.   How can I get a payment?
   10.  When will I get my payment?
   11.  What am I giving up to get a payment or stay in the lawsuit?
   12.  What will happen if I don't file a claim?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................. Page _
   13.  How do I exclude myself from the settlement?
   14.  If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** .................................................. Page _
   15.  Do I have a lawyer in this case?
   16.  How will the lawyers and the Class Representative be paid?

**OBJECTING TO THE SETTLEMENT** ..................................................... Page _
   17.  How do I tell the Court that I don't like the settlement?
   18.  What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ................................................... Page _
   19.  When and where will the Court decide whether to approve the settlement?
   20.  Do I have to come to the hearing?
   21.  May I speak at the hearing?

**GETTING MORE INFORMATION** .......................................................... Page _
   22.  Are more details available?
   23.  Can I address questions to the Clerk of the Court or the Judge?

## 1. Why did I get this notice?

The Defendant's records show that you appear to be a member of the class of persons affected by this lawsuit. It is estimated that the class consists of approximately 47,000 people. In addition, you appear to be a member of a smaller subset of individuals (the "settlement subclass") described below. It is estimated that the settlement subclass consists of approximately 7,216 people. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Federal Judge Edgardo Ramos of the United States District Court for the Southern District of New York is overseeing this class action settlement. The lawsuit is known as *Coble, et al. v. Cohen & Slamowitz, LLP, et al.*, Civil Action No. 11-CV-1037.

## 2. What is this lawsuit about?

Elizabeth Coble, Milagros Harper, and Dennis Harper filed a class action lawsuit against Cohen & Slamowitz, LLP, and various lawyers who work there in the United States District Court for the Southern District of New York.  The Lawsuit asserts class claims against the Defendants for alleged violations of the Fair Debt Collection Practices Act.

The class action was brought on behalf of all persons who have been sued in a consumer collection action commenced in New York State in which the law firm of Cohen & Slamowitz, LLP, represented the state court Plaintiffs; and the Affidavit of Service was signed and/or notarized by Midlantic Process, Inc., or any owner, agent or employee of Midlantic.

Midlantic was hired by Cohen & Slamowitz to serve legal papers on defendants in debt collection actions. The class action complaint alleges that the lawyers at Cohen & Slamowitz knew as early as 2006 that Midlantic's procedures regarding service of process were deficient and fraudulent and that the affidavits of service filed in those collection cases were false.  The complaint alleges that rather than inform consumers or the courts regarding this problem, Cohen & Slamowitz and the other Defendants concealed the information.

The class action complaint alleges that the Defendants have violated the Fair Debt Collection Practices Act.

Each of the Defendants has denied liability and asserted defenses to the lawsuit. The Court has not made any decision about the merits of the lawsuit.

## 3. What is a class action?

In a class action lawsuit, one or more people called "Class Representatives," (in this case, Elizabeth Coble will be the Class Representative) sue on behalf of "Class Members" meaning other people who have similar claims. The Court resolves issues for all Class Members, except for those who exclude themselves from the Class.  Based on Defendants' records, you are a Class Member in this case.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  The Plaintiffs think they would have won if they went to trial.   The Defendants think the Plaintiffs would not have won anything from a trial. To avoid the risks of trial, both sides agreed to a settlement.

### 5. How do I know if I am part of the settlement?

You are a class member if you were sued by Cohen & Slamowitz, LLP after December 30, 2002 in a consumer collection action and the complaint against you was served by a process server who worked for Midlantic Process, Inc.   You are receiving this notice because Defendants' records show that you appear to be a part of the class.

You are a member of the settlement subclass if you made one or more Involuntary Payments (typically payments under a garnishment, bank restraint or lien) after October 30, 2006 following a judgment taken (on any date before or after October 30, 2006) in the consumer collection action that makes you a settlement class member.

If you received a notice about this case in the mail, Defendants' records indicate that you are both a class member and a member of the settlement subclass.  You do not need to do anything else to determine if you are a class member or a settlement subclass member.

### 6. What does the settlement provide?

Defendants will pay $100,000 to be divided equally among all Class Members who submit a claim form (the "Settlement Fund"). If, based on the number of Class Members who file valid claims, each class member would receive $7.50 or less from this fund, the money that would have been paid to those Class Members, will instead be distributed to a New York non-profit organization that provides legal services to consumers.

**Because Defendants' records show that you appear to be a member of the class, you are entitled to share in this first fund provided you file a claim.  You need not do anything other than file a claim.  Instructions for filing a claim are below.**

Defendants will pay an additional $37,500 (the Settlement Subclass Fund) to be

divided among class members who made one or more involuntary payments. "Involuntary payment" means any payment made by means of wage garnishment, levy, execution, bank restraint, lien, or other process covered by New York law. These class members will receive the amount of $125 or the total amount of the involuntary payment (whichever is less, based on Defendants' records.)

In the event that the amount of the Settlement Subclass Fund is less than the amount necessary to pay all claimants, the Settlement Subclass Fund payments will be reduced proportionately so that the total payment amount on all claims will not exceed $37,500. In the event that the amount of the Settlement Subclass Fund is more than the amount necessary to pay all claimants the lesser of the amount of the involuntary payment or $125, the unused funds will be added to the $100,000 Settlement Fund and shared among all Class Members who submit a claim form whether or not they are members of the Subclass.

**Because Defendants' records show that you made an involuntary payment (such as a payment made by means of a wage garnishment, bank restraint or lien), you are entitled to share in the Settlement Subclass Fund. By returning your claim form, you will be eligible for a payment from both funds.**

In addition, Defendants agree that they are not currently and will not in the future send collection letters related to judgments involving Midlantic affidavits of service, and that Defendants are not currently and will not in the future commence any new post judgment collection actions (e.g., wage garnishment, bank restraint, taking of liens, issuance of post-judgment discovery devices) with regard to judgments involving Midlantic affidavits of service. This agreement will not apply, however, to post-judgment collection efforts that are already in place with regard to a particular account (e.g. previously commenced wage garnishment, existing liens, etc.)

Defendants have also agreed that the settlement website (www._____.com), will contain a link to evidentiary documents in this case, including the Vega Affidavit and the Smith Deposition Transcript. You may wish to review these documents to evaluate the validity of the state court judgment(s) against you that make(s )you a class member in this case.

| 7. How much will my payment be? |
| --- |

The amount you receive will depend on how many class members return claims forms. Based on typical claims rates in other cases, it is likely that your payment from the Settlement Fund will be approximately $20-25. Based on typical claims rates in other cases, it is likely that the payment from the Settlement Subclass Fund will be between $40 and $125, depending on how much the Defendants' records show you paid, and how many subclass members file claims. Each payment could be higher or lower depending on the number of claims filed, which is unknown at this time.

In the unlikely event that your payment from the Settlement Fund will be less than $7.50, it will be too expensive to send it to you. Instead, the entire fund will be paid to a non-profit that provides free legal services to low-income New Yorkers.  If so, you will still be paid from the Settlement Subclass Fund.

## 8. How does this settlement benefit the Class Members?

The attorneys for the class believe that the settlement is fair, reasonable, and in the best interests of the class.  The attorneys for the class believe that the settlement represents a reasonable exchange of the possibility of recovering a larger penalty for the prompt, immediate payment of the amount offered and for the Defendants' agreement not to rely on the Midlantic Affidavits in the future.  In addition, the primary law that governs the claims in this case, the Fair Debt Collection Practices Act ("FDCPA"), provides a cap on the amount of damages available in a class action for the Settlement Class that is based on the resources of the Defendants.  The attorneys for the class believe, after investigation, that the $100,000 payment to the Settlement Class is consistent with the cap on available damages under the FDCPA.

Additionally, pursuant to the Settlement, Class Counsel has established a website that contains documents that may be relevant to your evaluation of whether the service of process that led to the judgment against you provides a defense to that judgment.

The settlement also benefits the Class Members because Defendants have agreed that they will not send additional collection letters with regard to the judgment against you in the  future, and have also agreed that they will not  commence any new post judgment collection actions against you, such as wage garnishments, liens or bank restraints based on the judgment against you.

## 9. How can I get a payment?

In order to receive a payment under the Settlement Agreement outlined above, **you must file a claim form**.  To obtain a claim form, go to the class settlement website, [web address], and click on the tab labelled "CLAIM FORM".  You will be asked to input the claims number on your mailed postcard notice in order to obtain the appropriate claim form.

You can also obtain a claim form by calling [administrator phone number], emailing your request for a claim form to [administrator email] or mailing your request to [administrator address]. Please include the claims number on your mailed postcard notice on any correspondence.

**You must return your claim form postmarked no later than [claims deadline] in order to receive a payment.**

You should keep a copy of the claims form for your records and mail the form to the

address on the claims form.

## 10. When will I get my payment?

You will not automatically receive money. **You must file a claim form, post-marked on or before [claims deadline], to be entitled to a payment from the Settlement Fund and the Settlement Subclass Fund.  See question 9 (directly above) for instructions on filing a claim.**

If you are entitled to money under the terms of the settlement and if you file a claim form, you will receive a settlement check after final approval of the settlement, unless your settlement payment would be less than $7.50 (in which case the entire settlement fund will be paid to appropriate charities).  The earliest date on which payment will be made  is [date 45 days after fairness hearing].

The Settlement website, [web address], will provide updated information about the date on which payments will be made as that information becomes available.

## 11. What am I giving up to get a payment or stay in the lawsuit?

If you don't exclude yourself from the settlement using the process described in Question 12 (directly below),  you give up any right to sue Cohen & Slamowitz, LLP or any of the other Defendants for claims for statutory damages under the FDCPA, and you release all other claims that were raised or could have been properly raised in this lawsuit other than FDCPA actual damage claims.

Because you are a member of the Settlement Subclass, you also give up the right to sue Defendants for actual damages under the FDCPA.

Unless you exclude yourself as described below, you will give up these rights whether or not you file a claim.

However, whether or not you file a claim, you are not giving up any defenses in the state court collection lawsuit in which the Midlantic affidavit was filed.  For example, if you were not properly served with the Summons and Complaint in the state court lawsuit, you are not waiving your right to seek to have the judgment against you vacated or to have the case dismissed based on lack of service.

In addition, whether or not you file a claim, you are not giving up any rights you may have against the creditors, debt collection companies or other entities that are named as plaintiffs in your state court collection lawsuits.

### 12. What will happen if I don't file a claim?

If you don't file a claim, whether or not you object, you will not be eligible to receive any payment from the settlement. However, unless you exclude yourself from the settlement, you will give up your rights to sue the Defendants for claims like those alleged in this lawsuit as described in section 11, above. Whatever choice you make about filing a claim, objecting, or opting out, you will not lose the benefit of Defendants' promises to change its practices or your right to challenge any collection judgment against you in state court, or your ability to access documents on the settlement website that may be relevant to your state court defenses.

### 13. How do I exclude myself from the settlement?

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Cohen & Slamowitz, LLP or any of the other Defendants, on your own about the legal issues in this case, then you must take steps to get out of this settlement. This is called excluding yourself – or is sometimes referred to as "opting out" of the settlement.

You have the *right to exclude yourself* from both the class action and the settlement by filing a written request for exclusion. **An exclusion request must be post-marked on or before [exclusion deadline].** To be effective, the request must state: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *COBLE, ET AL. v. COHEN & SLAMOWITZ, LLP, ET AL*." The request for exclusion must also contain your name, address and signature. You may not exclude any person other than yourself.

If you wish to exclude yourself from the class action and the settlement or if you wish to object to the settlement, you must mail your request for exclusion to [Settlement Administrator Address].

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not be entitled to recover any money from this settlement. But, if you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Cohen & Slamowitz, LLP.

### 15. Do I have a lawyer in this case?

Yes. The Court has decided that the law firms of Schlanger & Schlanger, LLP, 9 East 40th Street, Suite 1300, New York, New York 10016, and Klein Kavanagh Costello, LLP, 85 Merrimac Street, 4th Floor, Boston. MA 02114 are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers and the Class Representative be paid?

As part of the settlement, Class Counsel will seek their reasonable attorney's fees and costs in addition to the monies to be paid out to those class members that file a claim form.  These fees and costs will be paid by Defendants, but will not be paid from either Settlement Fund.  The parties have not agreed upon a fixed amount for these fees and costs, but rather have agreed that these amounts will be determined by a neutral party, subject to Court approval.   Class Counsel have requested attorney's fees of $_____ and costs of $_____, but may request supplemental amounts depending on future developments in the case.  Either the neutral party or the Court may award less.

The Defendants will, in addition, will pay the costs of class administration, including cost of the services of a Settlement Administrator, the cost of providing notice to Class Members, and the cost of mailing checks to those who file a Claim.

The Defendants have agreed to pay the Class Representative, if approved by the Court, the amount of $5,000 for her time and effort on behalf of the class.

### 17. How do I tell the Court if I don't like the settlement?

You can tell the Court you don't agree with the settlement or some part of it.  This is called an "objection."

*If you object to the settlement, but do not wish to exclude yourself from the class action*, you must submit your objection in writing to the Clerk of the District Court at The United States District Court.  **The objection must be post-marked no later than [objection deadline].** You must also mail copies to each address below before the deadline:

| Clerk of the Court | Plaintiffs' Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court Southern District of New York 500 Pearl Street, New York, NY 10007 | Schlanger & Schlanger, LLP 9 East 40th Street, Suite 1300 New York, NY 10016 | Wilson Elser Moskowitz Edelman & Dicker, LLP 150 East 42nd Street New York, NY  10017 Attention:  Thomas A. Leghorn |

Any objection must state (i) your full name, current address, and telephone number; (ii)

a statement of your reasons for objecting, including the factual and legal grounds that you believe support your objection; and (iii) provide copies of all documents that you wish to submit in support of your position.

If you file an objection and wish to speak with the Court about it, you may also appear at the  hearing  before  Judge Ramos, but you are not required to do so.

If you object but wish to be paid in the event that the Court rejects your objection, you must also file a Claim.

### 18. What's the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the settlement.  You can object if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you. If you both exclude yourself and object, your exclusion will be treated as valid and your objection will not be considered.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

On  [fairness hearing date and time], a hearing will be  held  on  the  fairness  of  the proposed  settlement. At  the  hearing,  Judge Ramos will  be  available  to  hear  any arguments concerning the fairness of the proposed settlement, including arguments of those who wish to object. The hearing will take place at [court address].

## 20. Do I have to come to the hearing?

You are not required to attend the hearing.  However, you are welcome to attend at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend though there is no requirement that you do so.

## 21. May I speak at the hearing?

If you attend, you may ask the Court for permission to speak at the Fairness Hearing

## 22. Are more details available?

Yes.  This notice summarizes the proposed settlement to Class Members.   More details are available in the Settlement Agreement.   You can get a copy of the Settlement Agreement at [web address] by clicking on the tab labeled "SETTLEMENT DOCUMENTS" or by writing to the Settlement Administrator [Administrator Address].

You may also obtain information about this action and settlement by referring to the court papers filed in this action, which may be inspected at the Office of the Clerk of the Court, United States District Court for the Southern District, 500 Pearl Street, New York, NY 10007, during  regular business hours.

## 23. Can I address questions to the Clerk of the Court or the Judge?

DO NOT ADDRESS ANY QUESTIONS TO THE CLERK OF THE COURT OR TO THE JUDGE. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.

DATE: _____