UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH COBLE,
MILAGROS HARPER, and
DENNIS HARPER,
on behalf of themselves and
all others similarly situated,

              Plaintiffs,

v.

COHEN & SLAMOWITZ, LLP,
DAVID COHEN, ESQ.,
MITCHELL SLAMOWITZ, ESQ.,
LEANDRE JOHN, ESQ., and
CRYSTAL S.A. SCOTT, ESQ.,

             Defendants.
_____

11-cv-1037 (ER)(GAY)

**PRELIMINARY ORDER**

**HON. EDGARDO RAMOS**
**HON. GEORGE A. YANTHIS**

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

**WHEREAS** this matter comes before the Court on the joint request of Class Plaintiff ELIZABETH COBLE on behalf of a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), and Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq., ("Defendants"), for an order pursuant to Fed. R. Civ. P. Rule 23 preliminarily approving the Settlement Agreement, dated May 27, 2014.

**AND THE MOTION** having been presented for hearing on _____, 2014 before the Honorable Edgardo Ramos, U.S.D.J., to determine whether the Settlement Agreement is fair, reasonable and adequate, whether certification of the Settlement Class is appropriate, whether the proposed Notice and Notice Plan satisfy due process requirements and Fed. R. Civ. P. 23(c), to

address the appointment of Class Counsel and the Settlement Class Representative, and to schedule a Fairness Hearing;

**AND THE COURT,** having read and considered the Settlement Agreement, the Motion, the memorandum of law and attorney declarations submitted in support of the Motion, and all other arguments and submissions related to the Motion;

**AND GOOD CAUSE** appearing;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. For the purposes of this Preliminary Approval Order ("Order"), the Court adopts by reference the definitions set forth in the Definitions section of the Settlement Agreement.

2. Defendants have represented that there are approximately 47,095 Class members.

3. Defendants have represented that of these Class Members, approximately 7,216 are also Subclass Members.

4. The Court has jurisdiction over the subject matter of this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Settlement Class and all members of the Settlement Subclass.

5. The motion for Preliminary Approval of the proposed settlement is GRANTED. The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, in the best interests of the Settlement Class and Settlement Subclass, and within the range of possible approval, subject to consideration at the Final Fairness Hearing as set forth below in Paragraph 28.

6. For the purposes of this settlement only, the Court preliminarily certifies the Settlement Class and Settlement Subclass defined as follows:

"Settlement Class" means all persons who have been sued in one or more consumer collection actions commenced in New York State between December 30, 2002 and the present in which C & S represented the state court Plaintiff; and the affidavit of service was signed and/or notarized by Midlantic or any owner, agent or employee of Midlantic.

"Settlement Subclass" means all Settlement Class members who made one or more Involuntary Payments after October 30, 2006 following a judgment taken (on any date before or after October 30, 2006) in a consumer collection action commenced in New York State in which C & S represented the state court Plaintiff; and the affidavit of service was signed and/or notarized by Midlantic or any owner, agent or employee of Midlantic.

7. Conditional certification is made without prejudice to Defendants' right to contest the appropriateness of class certification should this settlement not be finally approved by the Court for any reason.

8. The Court preliminarily finds that, for the purpose of this settlement, the Action may be maintained as a class action on behalf of the Settlement Class and Settlement Subclass because:

   a. The members of the above defined classes are so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Settlement Class and Settlement Subclass;

   c. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class and Settlement Subclass;

   d. The Settlement Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class and Settlement Subclass. There are no conflicts of interest between the Settlement Class Representative or Class Counsel and members of the Settlement Class and Settlement Subclass;

   e. Questions of law and fact common to the members of the Settlement Class and Settlement Subclass predominate over any questions affecting only individual members of the Settlement Class and Settlement Subclass;

   f. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

9. Pursuant to Fed. R. Civ. P. 23(a)(4), the Court finds that Class Plaintiff Elizabeth Coble fairly and adequately represents and protects the interests of the Settlement Class, including the Settlement Subclass, and appoints her as Settlement Class Representative.

10. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Daniel Schlanger, Esq. of Schlanger & Schlanger, LLP and Gary Klein, Esq. and Shennan Kavanagh, Esq. of Klein Kavanagh Costello, LLP to serve as Class Counsel.  The Court preliminarily finds that based on the work Class Counsel have done in identifying, investigating and prosecuting the claims in the Action, Class Counsels' experience in handling class actions, other complex litigation and the claims of the type asserted in the Action, Class Counsels' knowledge of the applicable law and the resources Class Counsel have committed and will commit to representing the Settlement Class and Settlement Subclass, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class and Settlement Subclass.

11. The Court authorizes the Settlement Class Representative and Class Counsel to enter into the Settlement Agreement on behalf of the Settlement Class and Settlement Subclass, subject to final approval by this Court of the Settlement Agreement.  The Settlement Class Representative and Class Counsel, on behalf of the Settlement Class and Settlement Subclass, are authorized to take all appropriate actions required or permitted to be taken by the Settlement Class and Settlement Subclass pursuant to the Settlement Agreement to effectuate its terms.

12. The Court approves First Class, Inc. as the Settlement Administrator ("Administrator").  The Administrator shall be responsible for administering the settlement according to the terms set forth in the Settlement Agreement and as ordered herein.

13. The costs of administering the settlement, including but not limited to, printing the Notice, updating the database and mailing the Notice and, thereafter, issuing and mailing the settlement checks shall be paid by Defendants pursuant to the terms of the Settlement

Agreement. Neither Class Counsel, the Settlement Class Representative, the Settlement Class nor Settlement Subclass members shall be responsible for any costs of the Settlement Administrator.

14. The Defendant shall provide to the Administrator and Class Counsel an electronic compilation containing the identifying information of each Settlement Class member and Settlement Subclass member, including the last known address of each class member, pursuant to the Agreement.  The class list shall be subject to the protective order previously entered in this case, and its use shall be subject to the other restrictions set forth in the Settlement Agreement. The Defendant shall furnish to Class Counsel a supporting Certification of Due Diligence confirming the completeness and accuracy of the electronic compilation pursuant to the Settlement Agreement, including a representation that it has provided the last known address of each member of the Settlement Class and Settlement Subclass.

15. The Court finds that the Notice provisions as set forth in Paragraph 41 of the Settlement Agreement are the only notice required, and that such Notice and Notice Plan satisfy the requirements of Due Process, the Federal Rules of Civil Procedure and any other applicable laws and rules, constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

16. The Court approves the form and content of the Short Form Notices (attached to the Agreement as Exhibits C-1 and C-2) and Claim Forms (attached to the Agreement as Exhibits A-1 and A-2).

17. The Administrator shall cause the Short Form Notices, to be mailed to all Settlement Class and Settlement Subclass members in accordance with the terms of the Settlement Agreement in substantially the same form as Exhibits C-1 and C-2 to the Settlement Agreement by a date that is no later than thirty (30) days from the date that this Order is entered.

18. The Court also approves the form and content of the Long Form Notices (attached to the Settlement Agreement as Exhibits D-1 and D-2).

19. The Administrator shall cause the Long Form Notices to be made available on the settlement website on or before the date that the Short Form Notices are mailed.

20. By no later than thirty (30) days prior to the date of the Fairness Hearing, the Settlement Administrator shall provide to Class Counsel and counsel for the Defendant one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement, including declarations stating that the appropriate Settlement Class Notice Postcards were mailed to each Settlement Class and Settlement Subclass member in accordance with the terms of this Order and as required by the Settlement Agreement, along with statistics on how many Short Form Notices were mailed successfully, how many were returned as undeliverable, how many were re-mailed successfully, and how many were received and the dates they were received.

21. The moving parties shall file the Settlement Administrator's declaration with the application for Final Approval.

22. The Defendant shall comply with its obligation to serve written notice of the proposed Settlement Agreement to the appropriate governmental representatives pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 and the terms of the Settlement Agreement, no later than ten (10) days after the date of this Order.  If Defendants fail to serve such notice by this deadline, they must immediately inform the Court and Class Counsel in case the Fairness Hearing would need to be rescheduled.

23. The Court approves the claims procedures set forth in Section VI of the Settlement Agreement. To be treated as valid, Claim Forms must be properly completed and postmarked no

later than sixty days following the mailing of notice. The manner in which a Claim shall be prepared, and delivered is explained in detail in the Notices and is approved by the Court.

24. The Court approves the exclusion procedures set forth in Section IV of the Settlement Agreement. Any Settlement Class or Settlement Subclass Member may seek to be excluded from the settlement. Any Settlement Class or Settlement Subclass member so excluded shall not be bound by the Settlement Agreement and shall not be entitled to any of its benefits. To be treated as valid, exclusions must be prepared, filed and delivered as set forth in Section IV of the Settlement Agreement, and must be properly completed and postmarked no later than sixty days following the mailing of notice. The manner in which a notice of exclusion shall be prepared and delivered is explained in detail in the Notices and is approved by the Court.

25. Absent a court order to the contrary, any Settlement Class or Settlement Subclass member who does not file a valid and timely request for exclusion shall become a Settlement Class and/or Settlement Subclass member (as appropriate) and shall be bound by all proceedings, orders, and judgments of the Court pertaining to the Settlement Class and/or Settlement Subclass, including the Final Judgment and Order of Dismissal dismissing with prejudice all claims filed by the Class Members which were alleged in the Action, and the release of claims set forth in the Settlement Agreement.

26. The Court approves the objections procedures set forth in Section VII of the Settlement Agreement. To be treated as valid, notices of objection must be properly completed and postmarked no later than sixty days following the mailing of notice. The manner in which a notice of objection shall be prepared, filed and delivered is explained in detail in the Notice and is approved by the Court.

27. Only Settlement Class and Settlement Subclass members may object to the settlement. A Settlement Class or Settlement Subclass member who submits a request for exclusion shall not

be entitled to object to the settlement, and if both an exclusion and objection are submitted, the objection shall be deemed to be invalid.

28. Any Settlement Class or Settlement Subclass member who files a timely objection in compliance with the procedures set forth in Section VII of the Settlement Agreement (including, among other things, the requirements for service of the objection upon Class Counsel and counsel for Defendants) shall have a right to appear and be heard at the Fairness Hearing. Class Counsel and Defendants' Counsel may, but need not, respond to the any such objection.

29. Any Settlement Class or Settlement Subclass member who does not assert his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or award of attorney's fees to Class Counsel, unless otherwise ordered by the Court.

30. The Administrator shall provide copies to Class Counsel and counsel for Defendants of all requests for exclusion and all written communications relating to the settlement that the Administrator receives from Settlement Class or Settlement Subclass members or others that were not served on the Parties. To the extent Class Counsel or counsel for Defendants receive requests for exclusions that have not been transmitted to the Administrator, they shall transmit those communications to the Administrator, who shall provide other Parties with a copy of those communications.

31. Subject to this Court's final approval, and separate, apart from and in addition to all funds payable to the Settlement Class and Settlement Subclass, Defendant shall pay Plaintiffs' attorney's fees and costs in an amount to be determined by JAMS mediator, the Hon. Stephen G. Crane (Ret.). The parties are to promptly inform this Court of Judge Crane's determination on this issue, once made. No later than three (3) weeks before the deadline for Settlement Class

and Settlement Subclass members to file objections, Class Counsel shall file with the Court an application to confirm and approve an award of attorney's fees and costs in the amount determined by the mediator. The Administrator shall promptly make that application available on the settlement website.

32. A Fairness Hearing shall be held before this Court at _____ a.m. or p.m., on _____, which shall be no earlier than one-hundred-ten (110) days from the date of this Order in Courtroom _____ at the United States District Court, Southern District of New York, 40 Foley Square, New York, NY 10007, to determine:

(i) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate as to the Settlement Class and Settlement Subclass and should be approved;

(ii) whether the Judgment, as provided for in the Settlement Agreement, should be entered;

(iii) the amount of fees and costs, that should be awarded to Class Counsel; and

(iv) the amount of the service payments, that should be awarded to the Settlement Class Representative, as provided for in the Settlement Agreement.

The Court will also hear and consider any timely and proper objections at that time. This hearing may be adjourned to a later date without further or prior notice by oral announcement by the Court or by written order.

33. Pursuant to the Settlement Agreement, the Court hereby dismisses with prejudice all claims as against Defendants Crystal S.A. Scott, Esq. and Leandre John, Esq. only, subject to Paragraph 34, below.

34. If the settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Settlement Agreement is rescinded and terminated, the

Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. This Order shall become null and void if:

(i) the proposed Settlement Agreement is not finally approved by the Court;

(ii) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective under the terms of the Settlement Agreement or for any other reason; or

(iii) the Final Judgment is not entered for any reason. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties; there shall be no consent to certification of a class and all objections with respect thereto shall be maintained; and the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose.

35. Pursuant to the confidential side-letter agreement filed with the Court by the parties, Defendants may withdraw from the settlement if more than a certain number of class members opt out prior to the Fairness Hearing. This right may be exercised by notice given not later than five days prior to the Fairness Hearing.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class and Settlement Subclass.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE