**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

ELIZABETH COBLE,
MILAGROS HARPER, and
DENNIS HARPER,
on behalf of themselves and
all others similarly situated,

                      Plaintiffs,

v.

COHEN & SLAMOWITZ, LLP,
DAVID COHEN, ESQ.,
MITCHELL SLAMOWITZ, ESQ.,
LEANDRE JOHN, ESQ., and
CRYSTAL S.A. SCOTT, ESQ.,

                      Defendants.
_____

**11-cv-1037 (ER)(GAY)**

**PLAINTIFF'S APPLICATION FOR AWARD OF STIPULATED ATTORNEY'S FEES AND COSTS**

**HON. EDGARDO RAMOS**

**TABLE OF CONTENTS**

Table of Authorities…………………………………………………………………..... ii

**I.   PRELIMINARY STATEMENT** ................................................................. 1

**II.  THE AGREED-UPON ARTIBRATION PROCESS FOR RESOLVING FEES AND COSTS WAS FAIR AND REASONABLE**................................................. 2

**III. PLAINTIFF'S ATTORNEYS FEES AND COSTS ARE COMPENSABLE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** .................................. 4

**IV.  THE FEE AND COST AWARD IS FAIR AND REASONABLE TO THE SETTLEMENT CLASS** ........................................................................... 6

   A.   Fees And Costs Were Fixed By A Neutral After Relief To The Class Was Determined, And Are In Addition To The Settlement Class Relief....................................... 6

   B.   Judge Crane Significantly Reduced Plaintiff's Counsels' Lodestar, And Provided A Thorough Analysis To Support His Determination That The Ultimate Fee Award Is Fair And Reasonable ........................................................................... 8

   C.   Judge Crane's Fee Award Represents Merely 46% Of Plaintiff's Counsels' Fee Request, Without Allowance For Any Work Performed Or To Be Performed Since April 18, 2014 ..................................................................................... 9

   D.   After Close Analysis, Judge Crane Determined The Reasonable Hourly Rates For The Fee Award........................................................................... 11

   E.   The Fee Is Fair In Light Of The Great Result Plaintiff's Counsel Achieved On Behalf Of The Class......................................................................... 11

**V.   JUDGE CRANE DETERMINED AFTER THOROUGH ANALYSIS THE REASONABLE COSTS THAT PLAINTIFF'S COUNSEL MAY BE REIMBURSED** .................................................................................. 13

**VI.  CONCLUSION**................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182 (2d Cir. 2007) ............................................................................................................................ 5

*Baruch v. Healthcare Receivable Mgmt., Inc.*, No. 05-cv-5392, 2007 U.S. Dist. LEXIS 80429 (E.D.N.Y. Oct. 30, 2007) ................................................................................................... 5

*De La Paz v. Rubin & Rothman, LLC*, No. 11-cv-9625, 2013 U.S. Dist. LEXIS 168093 (S.D.N.Y. Nov. 25, 2013) .................................................................................................. 5, 8

*Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231 (E.D.N.Y. 2010) .................................. 7

*Ebbert v. Nassau Cnty.*, No. 05-cv-5445, 2011 U.S. Dist. LEXIS 150080 (E.D.N.Y. Dec. 22, 2011) ....................................................................................................................................... 7

*Emanuel v. Am. Credit Exch.*, 870 F.2d 805 (2d Cir. 1989) ........................................................ 4

*Goldberger v. Integrated Res., Inc.,* 209 F. 3d 43 (2d Cir. 2000) ................................................ 5

*Kassim v. City of Schenectady*, 415 F.3d 246 (2d Cir. 2005) ...................................................... 4

*McBean v. City of New York*, 233 F.R.D. 377 (S.D.N.Y. 2006) ................................................... 7

*Millea v. Metro-North R.R.*, 658 F.3d 154 (2d Cir. 2011) ........................................................... 4

*Perez v. Jupada Enters., Inc.*, No. 10 Civ. 3118, 2012 U.S. Dist. LEXIS 177491 (S.D.N.Y. Dec. 13, 2012) .......................................................................................................................... 10

*Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2d Cir. 1989) ..................................... 4

*Riverside v. Rivera*, 477 U.S. 561 (U.S. 1986) ........................................................................... 5

*Rossi v. Proctor & Gamble Co.*, No. 11-cv-7238, 2013 U.S. Dist. LEXIS 143180 (D.N.J. Oct. 3, 2013) ......................................................................................................................................... 6

*Shapiro v. JPMorgan Chase & Co.*, Nos. 11-cv-8331, 11-cv-7961, 2014 U.S. Dist. LEXIS 37872 (S.D.N.Y. Mar. 21, 2014) ................................................................................................... 6

*Stanczyk v. City of New York,* 752 F. 3d 273 (2d Cir. 2014) ....................................................... 5

*Teng v. Metro. Retail Recovery*, 851 F. Supp. 61 (E.D.N.Y. 1994) ............................................ 4

**STATUTES**

15 U.S.C. §§ 1692k(a)(2)(B) ............................................................................. 11

15 U.S.C. §1692k(a)(3) ..................................................................................... 4

# I.     PRELIMINARY STATEMENT

The parties reached agreement on a binding arbitration process conducted by the Hon. Stephen G. Crane (Ret.) of JAMS to resolve the amounts of attorneys' fees and costs that the Defendants would agree to pay if awarded by the Court.  Settlement Agreement, ¶ 61. [Docket No. 76]. In arbitration, Defendants vigorously contested every aspect of Plaintiff's proposed payments of fees and costs.  On August 13, 2014, Judge Crane issued a "Final Award," representing just 46% of the amount of attorneys' fees Plaintiff requested and believed was fair, for a total of $322,495.27.  Judge Crane also reduced Plaintiff's requested cost reimbursement, awarding a total of $25,735.13.[1]  Plaintiff now requests that the Court award the amounts Judge Crane found appropriate.[2]

Payment by the Defendants of the amounts Judge Crane awarded will not reduce the settlement benefits to the settlement class or subclass and Judge Crane, as arbitrator, has already carefully considered the Plaintiff's fee request and cut as much or more than was necessary to assure that the amount awarded was fair and reasonable.  More importantly, Judge Crane's involvement as arbitrator assured procedural fairness, consistent with the relevant jurisprudence, because his determination of fees and costs after the terms of settlement were reached provide certainty that the amounts were determined at arm's length and without collusion.

---

[1] Judge Crane's "Final Award" derived from the confidential arbitration process has been submitted to the Court *in camera* by agreement of the parties.  Plaintiff's counsel will provide this Fee Application to the Settlement Administrator to make available to settlement class members on the settlement website promptly after filing.  Order for Preliminary Approval of Class Action Settlement Agreement and Release of Claims ("Preliminary Approval Order"), ¶ 31 [Docket No. 77].

[2] Although they advocate for approval of the fees awarded by Judge Crane because they were awarded by a process binding under the settlement, Plaintiff's counsel do not believe that Judge Crane correctly adjudicated their fee application.  They believe his cuts to their lodestar were excessive and unwarranted.  But for the settlement, they would be applying for a higher fee.

## II.   THE AGREED-UPON ARTIBRATION PROCESS FOR RESOLVING FEES AND COSTS WAS FAIR AND REASONABLE

After the parties, with the assistance of Judge Crane, agreed on the settlement benefits for the classes, they engaged Judge Crane to arbitrate the issue of the amount of attorneys' fees and costs to be paid by the Defendants, subject to the Court's approval.  Settlement Agreement, ¶74.  The parties agreed that Judge Crane's decision would be binding and that neither party would oppose or seek further review of the decision, either through Judge Crane or the Court.  *E.g.*, Final Award, at 2.  Having mediated the settlement, Judge Crane was thoroughly apprised of the strengths and weaknesses of the respective parties' claims and defenses, the risk of ongoing litigation, the settlement benefits achieved for the classes, and the hard fought and arms-length settlement negotiations.  He was therefore well situated to a make decision on attorneys' fees and costs that is fair and reasonable.

In October, 2013, Plaintiffs submitted their opening fee brief, supporting declarations, and Schlanger & Schlanger, LLP's ("S&S") and Klein Kavanagh Costello, LLP's ("KKC") detailed daily time and expense records from the beginning of the case in October 2010 through the date of the submission.  Defendants thus had the benefit of full and detailed information underlying Plaintiff's counsels' lodestar before they filed their opposition to Plaintiff's fee brief approximately two months later.

Defendants submitted their opposition to Plaintiff's attorneys' fees and costs request on December 17, 2013.  Judge Crane allowed the parties further briefing, including a supplemental submission ("Reply") by Plaintiff's counsel which included their additional time expended and expenses incurred in, among other work, finalizing the Settlement Agreement, preparing for preliminary approval of the settlement and briefing their fee application for arbitration.

Plaintiff's counsel submitted their Reply on April 18, 2014, along with additional declarations and supplemental detailed daily time and detailed expense reports for time and costs up through April 18, 2014.  Defendants submitted an opposition ("Surreply") to Plaintiff's supplemental submissions on May 1, 2014.  Judge Crane issued his Final Award to the parties on August 13, 2014.

Judge Crane awarded a total of $322,495.27 in attorneys' fees ($173,954.57 to KKC and $148,540.70 to S&S), which represents only 46% of Plaintiff's counsels' combined lodestar of $694,689.25 as of the date Plaintiff submitted their supplemental and final fee petition to Judge Crane on April 18, 2014.  Judge Crane's award does not include any fees for time that has been spent after April 18, 2014, and his decision does not provide compensation for the future work they will perform.

Judge Crane also carefully reviewed Plaintiff's counsels' detailed expense records, also made available to Defendants, to determine compensable expenses in a total amount of $25,735.13.  In doing so, Judge Crane reduced KKC's costs by over $5,000, based on his determination that KKC's travel costs should not be allowed.

This agreed-upon and binding arbitration process was a fair and reasonable method for resolving the parties' fee dispute, because it was conducted by a well-respected jurist; was based on full transparency of Plaintiff's counsels' lodestar and expenses; was conducted after the parties reached agreement on the settlement benefits to the classes; involved extensive briefing on the applicable legal standards and considerations relating to the payment of attorneys' fees and costs in a FDCPA class action; and because Judge Crane undertook a thorough review and analysis in reaching his decision, considering all factors under the relevant jurisprudence.  While Plaintiff's counsel do not believe the ultimate fee determined by Judge Crane was sufficient

3

compensation to them for the work they performed in the case, they committed to the arbitration

process to ensure a fair process for resolving the dispute and ask that the fees and costs set forth

in Judge Crane's Final Award by approved by the Court.

## III.   PLAINTIFF'S ATTORNEYS FEES AND COSTS ARE COMPENSABLE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA provides that any debt collector who fails to comply with its provisions is

liable "in the case of any successful action. . .[for] the costs of the action, together with

reasonable attorneys' fees as determined by the court."  15 U.S.C. §1692k(a)(3).  Recovery of

fees and costs by the prevailing consumer is mandatory "as a means of fulfilling the intent of

Congress that the act should be enforced by debtors acting as private attorneys general."  *Teng v.*

*Metro. Retail Recovery*, 851 F. Supp. 61, 70 (E.D.N.Y. 1994); *Pipiles v. Credit Bureau of*

*Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("It is clear that Congress painted with a broad

brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices,

and courts are not at liberty to excuse violations where the language of the statute clearly

comprehends them. . . . In the case of a successful action by an individual to enforce the Act, . . .

section 1692k(a)(3) requires payment of 'the costs of the action, together with a reasonable

attorney's fee as determined by the court.'"); *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809

(2d Cir. 1989).

In discussing fee awards for prevailing plaintiffs under fee shifting statutes, the Second

Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee

would be disproportionate to the financial interest at stake in the litigation."  *Kassim v. City of*

*Schenectady*, 415 F.3d 246, 252 (2d Cir. N.Y. 2005).  Indeed, a central purpose of fee shifting,

"private attorney general," provisions is precisely to create an incentive for private counsel

where the amount in dispute would otherwise make private representation impossible.  *Millea v.*

4

*Metro-North R.R.*, 658 F.3d 154, 169 (2d Cir. 2011) ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel.  The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery."); *Riverside v. Rivera*, 477 U.S. 561, 581 (U.S. 1986); *Baruch v. Healthcare Receivable Mgmt., Inc.*, No. 05-cv-5392, 2007 U.S. Dist. LEXIS 80429 (E.D.N.Y. Oct. 30, 2007).

The amount of a reasonable fee will, absent extraordinary circumstances, be the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (*i.e.*, the "lodestar" method).  *Stanczyk v. City of New York,* 752 F. 3d 273, 284 (2d Cir. 2014) (finding that, a lodestar that is the product of a reasonable rate and reasonable number of hours required by the case creates a presumptively reasonable fee) (citation omitted).  As this Court noted in *De La Paz v. Rubin & Rothman, LLC*, No. 11-cv-9625 (ER), 2013 U.S. Dist. LEXIS 168093, at *3 (S.D.N.Y. Nov. 25, 2013), a "reasonable hourly rate" is defined as "the rate a paying client would be willing to pay." (*quoting*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)).

Other factors the Second Circuit considers are the "*Grinnell* Factors," *i.e.*,  (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.  *Goldberger v. Integrated Res., Inc.,* 209 F. 3d 43, 50 (2d Cir. 2000).  The amounts of attorneys' fees and costs Judge Crane determined here are well within these standards.

## IV.     THE FEE AND COST AWARD IS FAIR AND REASONABLE TO THE SETTLEMENT CLASS

The fee awarded by Judge Crane is entirely fair to the settlement classes.  As set forth below, the fee award – which does not reduce or otherwise impact class relief - was determined by a respected JAMS neutral only after the relief to the class had been negotiated.  There can thus be no fear of collusion between the parties.  Moreover, Judge Crane significantly reduced Plaintiff's counsels' lodestar after analysis of all of the relevant factors to be considered under applicable authority.  Finally, the fee award is justified in light of the excellent result achieved by Plaintiff's counsel.

### A.     Fees And Costs Were Fixed By A Neutral After Relief To The Class Was Determined, And Are In Addition To The Settlement Class Relief

Courts routinely cite the fact that an attorneys' fee payment that is negotiated subsequent to relief to the class and does not come out of the class' settlement fund mitigates strongly in favor of the fairness and approval of the requested fee.  *See, e.g.*, *Shapiro v. JPMorgan Chase & Co.*, Nos. 11-cv-8331, 11-cv-7961, 2014 U.S. Dist. LEXIS 37872, at *64-65 (S.D.N.Y. Mar. 21, 2014) (noting with favor that the parties' agreement regarding fees was "a result of arms-length negotiations, conducted separate from and subsequent to the Class Settlement Amount agreement," and that attorney's fees were "not being paid from the Class Settlement Fund"); *Rossi v. Proctor & Gamble Co.*, No. 11-cv-7238, 2013 U.S. Dist. LEXIS 143180, at *26-27 (D.N.J. Oct. 3, 2013) ("courts routinely approve agreed-upon attorneys' fees awards paid by the defendant, rather than the class members, especially where that amount is independent of the benefit obtained for the class.") (collecting cases).

6

Specifically, where "money paid to the attorneys is entirely independent of money awarded to the class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members." *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D.N.Y. 2006); *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 243 (E.D.N.Y. 2010) (same); *Ebbert v. Nassau Cnty.*, No. 05-cv-5445, 2011 U.S. Dist. LEXIS 150080, at *37-38 (E.D.N.Y. Dec. 22, 2011) (same).

Courts have been particularly deferential where the terms of the settlement were negotiated with the assistance of a respected third party. *See, e.g. McBean*, 233 F.R.D. at 383 (emphasizing that the "settlement was the product of actual and honest negotiations" before a Magistrate and stating that "this supervision goes a long way toward assuring that the process was "free of collusion or undue pressure.")

In the instant case, all of these factors are present.  The relief to the class was agreed upon after exhaustive negotiations, including two full days of mediation and months of additional back and forth.  This relief was set forth in the Settlement Agreement dated March 19, 2014 (Docket No. 63) (subsequently re-executed with minor revisions requested by the Court on May 27, 2014).  Only then, pursuant to the terms of the Settlement Agreement, did the parties submit the question of fees to Judge Crane, who determined the fee issue by Final Award released to the parties on August 13, 2014.  These fees are to be paid in addition to the relief to the class pursuant to the Settlement Agreement.  Preliminary Approval Order, ¶ 31.

Moreover, not only did the parties have the assistance of a respected retired jurist in reaching the settlement terms, the parties agreed to submit the question of fees to the agreed upon neutral, engage in adversarial briefing, and be bound by his decision.  There can thus be no

question whatsoever of any collusion or unfairness to the class with regard to the attorney's fees set forth in Judge Crane's Final Award.

**B.      Judge Crane Significantly Reduced Plaintiff's Counsels' Lodestar, And Provided A Thorough Analysis To Support His Determination That The Ultimate Fee Award Is Fair And Reasonable**

As set forth in his 29-page Final Award, Judge Crane reduced Plaintiff's counsels' lodestar using three methods. First, he reduced Gary Klein's hourly rate from $725 to $550, which he deemed to be consistent with hourly rates charged in the Southern District in FDCPA class actions. Final Award, at 12-13. Next, he conducted a line-by-line review of the individual time entries of each lawyer in both firms, and eliminated numerous time entries he viewed as vague, administrative, duplicative and/or unnecessary.[3] *Id.*, at 14-21.

After reducing Gary Klein's hourly rate and eliminating specific time entries, Judge Crane then applied an across-the-board, "Uniform Percentage Reduction," of 45% to even further reduce Plaintiff's counsels' lodestar. Final Award, at 24. Recently, this Court used an across-the-board reduction approach with a lesser percentage cut, and without any other types of other reductions, to calculate a fair and reasonable attorney fee. *De La Paz,* 2013 U.S. Dist. LEXIS 168093 at *12-13 (applying a 30% across-the-board reduction to attorney fees and noting that, "…a percentage reduction [is]…a practical means of trimming fat from a fee application.") Here, Judge Crane used multiple methods to reduce Plaintiff's counsels' attorneys' fee,

---

[3] These determinations where made based on specific entries. As a matter of principle, however, Judge Crane found that it is not "duplicative" work when multiple attorneys work on the same project and divide it by tasks, and that block billing is not "*per se*" disfavored. Final Award, at 15-16. He also found that, "…time devoted to establishing a prevailing attorney's fee application is to be reimbursed." Final Award, at 16.

effectively "trimming the fat" three times over.[4]  This resulted in a significant reduction of

Plaintiff's counsels' attorney fee, and more than ensures its reasonableness.

    **C.**    **Judge Crane's Fee Award Represents Merely 46% Of Plaintiff's Counsels' Fee Request, Without Allowance For Any Work Performed Or To Be Performed Since April 18, 2014**

    As of the date that Plaintiff's counsel submitted their supplemental fee application to

Judge Crane, on April 18, 2014, their combined total lodestar was $694,689.25 and their

combined costs totaled $31,079.79.  Final Award, at 5, 8, 23-24. As discussed above, Judge

Crane's Final Award represents merely 46% of this lodestar.  Section II, *supra*.  As of August 22,

2014, Plaintiff's counsels' combined total lodestar, using the $550 hourly rate Judge Crane set

for Gary Klein, has increased by $104,234.75.  Declaration of Shennan Kavanagh in Support of

Plaintiff's Application for Award of Attorneys' Fees and Costs ("Kavanagh Decl."), ¶¶ 2-4.

Under Judge Crane's Final Award and the parties' agreement to be bound by his decision, this

$104,234.75 already incurred will be uncompensated.

    The additional work Plaintiff's counsel has performed since April 18, 2014 would have

all been compensable under the relevant jurisprudence and includes, without limitation: (1)

submitting revised settlement papers based on the Court's instructions at the preliminary

approval hearing, (2) responding to class member inquiries after notice was sent out on July 15,

2014, (3) working with Defendant regarding class list issues and ensuring the class list was

accurate and Plaintiff received a declaration attesting to the methods used to identify class

members that was consistent with Defendants' obligations under the Settlement Agreement, (4)

---

[4] Although Plaintiff's counsel do not think Judge Crane's significant reductions were justified, they agreed to the binding arbitration process and therefore abide by the agreement not to oppose or seek review of Judge Crane's decision.

participating in a status conference with the Court, and (5) preparing this fee application. Kavanagh Decl., ¶ 5.

In addition, there is a substantial amount of work Plaintiff's counsel must do before this case is complete, for which they will also go uncompensated.  This work would also have all been compensable under the relevant jurisprudence and includes, without limitation: (1) briefing the motion for final approval of the Settlement Agreement, (2) preparing for and attending the final approval hearing set for October 2, 2014, (3) continuing to address class member inquiries, (4) working with the settlement administrator regarding its declaration on class notice, and (5) addressing objections, if any, and possible appeals.  Kavanagh Decl., ¶ 10.  Under Judge Crane's Final Award and the parties' agreement to be bound by his decision, this amount will be uncompensated.

Plaintiff's counsels' uncompensated lodestar to date is set forth in the below chart:

| | |
|---|---|
| Combined Total Lodestar as of April 18, 2014 | $694,689.25 |
| Attorneys' Fee Determined by Judge Crane | $322,495.27 |
| | |
| Amount of Original Lodestar Uncompensated by Judge Crane | $372,193.98 |
| Combined Uncompensated Lodestar Since April 18, 2014 | $104,234.75[5] |
| | |
| **Total Uncompensated Lodestar as of August 22, 2014** | **$476,428.73** |

As such, subject to the Court's approval, Plaintiff's counsel will be compensated significantly less than the fees they incurred litigating and settling this case.  Under these circumstances, there can be no doubt that the amount of attorneys' fees and costs Judge Crane has calculated are fair to the class and should be approved.  *Perez v. Jupada Enters., Inc.*, No. 10 Civ. 3118, 2012 U.S. Dist. LEXIS 177491, at *4 (S.D.N.Y. Dec. 13, 2012) (finding that a fee award that was "considerably less" than class counsel's lodestar is reasonable) (citing *Johnson v.*

---

[5] Using Judge Crane's approved hourly rates.

*Brennan*, No. 10 Civ. 4712(CM), 2011 U.S. Dist. LEXIS 105775, at *59-60 (S.D.N.Y. Sept. 16, 2011) (finding that class counsel's request for 75% of their lodestar, especially as "…[c]ompared to the multipliers of two or six times lodestar that are regularly awarded in this district," is well within the range of reasonableness)).

### D.   After Close Analysis, Judge Crane Determined The Reasonable Hourly Rates For The Fee Award

Judge Crane also carefully analyzed Plaintiff's counsels' hourly rates, and determined that, except for Gary Klein's $725 rate, they were all reasonable and within applicable standards for FDCPA class actions in the Southern District.  Final Award, at 13-14.  Judge Crane ultimately determined that based on Gary Klein's experience, it is reasonable to attribute a rate of $550 for his time on the case, thus reducing his rate by $175.  *Id*., at 14.  He also determined that $550 is a reasonable rate for Shennan Kavanagh.  *Id*.  Judge Crane approved S&S attorneys' hourly rates ranging from $315-$425.[6]

### E.   The Fee Is Fair In Light Of The Great Result Plaintiff's Counsel Achieved On Behalf Of The Class

The excellent results obtained by Plaintiff's counsel on behalf of the class further supports approval of the attorneys' fees as set forth in Judge Crane's Final Award.  As set forth in more detail in Plaintiff's previously submitted Memorandum In Support Of Joint Motion For Preliminary Approval Of Class Settlement (Docket No. 65), the Settlement provides significant monetary and non-monetary benefits to the class and subclass.  The Settlement provides for $100,000 in statutory damages to be distributed to members of the Settlement Class who file

---

[6] There were approximately 2 hours of S&S's senior partner's (Michael Schlanger) time included at a rate of $475.00.  This time and rate were uncontested.

timely claims, and $37,500 in additional funds to be distributed to Settlement Subclass members who file timely claims (with no reversion of any kind, and any undistributed Settlement Subclass funds to pour over into the funds available to the Settlement Class).  Settlement Agreement, at ¶¶ 45-46.  This monetary award represents an excellent recovery in light of the FDCPA's strict limitations on statutory damage recoveries in class actions and Defendants' limited net worth as documented by confirmatory discovery.  *See,* 15 U.S.C. §§ 1692k(a)(2)(B) (limiting statutory damages recovery in FDCPA class actions to the lesser of $500,000 or one percent of the net worth of the defendant debt collector for the class).

In addition to the monetary benefits provided in the settlement, the Settlement Class and Settlement Subclass will benefit from Defendants' representations and warranties that they are not currently and will not in the future send collection letters or commence any new post judgment collection actions (e.g., wage garnishment, bank restraint, taking of liens, issuance of post-judgment discovery devices) with regard to judgments involving Midlantic affidavits of service.  *Id.*, at ¶ 51.

Moreover, the settlement website includes a hyperlink to case-related documents, including, *inter alia*, former Midlantic process server Kenneth Vega's sworn affidavit in *Caprino et al. v. Cohen & Slamowitz, et al.* and the deposition testimony of Alfred Smith taken in this case, regarding Midlantic's service of process procedures.  *Id.*, at ¶ 52.  The availability of these documents will give class members an opportunity to evaluate whether the state court judgments against them are valid.  *Id.*

Finally, Plaintiffs have negotiated a narrowly tailored release that provides significant additional value.  Specifically, Settlement Class and Settlement Subclass members do not give up any defenses they may have in the state court collection lawsuit in which the Midlantic

affidavit was filed.  *Id.*, at ¶ 18(a).  The relief to the class negotiated by Plaintiff's counsel thus further supports approval of the attorneys' fee set forth in Judge Crane's Final Award.

**V.      JUDGE CRANE DETERMINED AFTER THOROUGH ANALYSIS THE REASONABLE COSTS THAT PLAINTIFF'S COUNSEL MAY BE REIMBURSED**

Plaintiff's counsel provided Judge Crane with detailed expense reports in support of their cost total combined costs reimbursement request of $31,079.79.  Final Award, at 5, 23-24. Defendants' primary objection to Plaintiff's costs request was that KKC should not be reimbursed for its travel time because the case did not require out-of-state counsel.  *Id.*, at 21-22. Accordingly, Judge Crane eliminated all of KKC's travel costs, totaling $5,344.56.  Judge Crane found the remainder of the costs KKC incurred, which included arbitration and mediation fees, PACER costs, mailing costs and filing fees, to be reasonable.  *Id.*, at 23.  KKC's total costs Judge Crane approved for reimbursement total $11,469.03. Judge Crane also approved S&S's total costs of $14,266.10.  *Id.*, at 23-24.

Since the cut-off date of April 18, 2014 when Plaintiff submitted the final fee application to Judge Crane, Plaintiff's counsel has incurred and additional $20,297.69 in costs, the vast majority of which consist of fees paid to JAMS to arbitrate the fee and cost dispute.[7]  Kavanagh Decl., ¶¶ 6-8.  Any other costs Plaintiff's counsel may incur between the date of this Fee Application and the end of the case will not be reimbursed.

---

[7] On August 17, 2014, Plaintiff's counsel requested Judge Crane to add JAMS arbitration costs totaling $19,080, which they paid after he issued the Final Award, to the total he deemed to be reimbursable.  Defendants have opposed this request.  Judge Crane has not issued a decision as of the date of filing this Fee Application.  Plaintiff therefore reserves the right to seek approval from this Court of these additional arbitration costs if Judge Crane grants their request. Kavanagh Decl., ¶ 9.

## VI.    CONCLUSION

Plaintiff's counsels' attorneys' fees and costs were determined as the result of adversarial briefing before a respected, neutral arbitrator familiar with the case, based on a process that was transparent and agreed-upon by both parties.  Judge Crane's decision is binding on both sides and the amount of attorneys' fees and costs set forth in Plaintiff's application is therefore unopposed.  The award of fees and costs is separate and apart from, and in no way diminishes, the significant and worthwhile relief to the class.  Plaintiff's counsels' lodestar has been significantly reduced using multiple methods.  The resulting fee and cost determination is fair and reasonable to the Plaintiff, to the Defendants and the class, and should therefore be approved by the Court.

Dated:  August 22, 2014

Respectfully Submitted,

*/s/ Shennan Kavanagh*
Gary Klein, Esq. (admitted *pro hac vice*)
Shennan Kavanagh, Esq. (admitted *pro hac vice*)
Klein Kavanagh Costello LLP
85 Merrimac Street, 4th Floor
Boston, MA 02114
Ph: 617-357-5031
Fax:  617-357-5030
klein@kkcllp.com
kavanagh@kkcllp.com

*/s/ Daniel A. Schlanger, Esq.*
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, New York 10016
Tel:  914-946-1981
Fax:  914-946-2930
daniel.schlanger@schlangerlegal.com

*Attorneys for Plaintiff and the Settlement Classes*

**CERTIFICATE OF SERVICE**

      I, Shennan Kavanagh, hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on August 22, 2014.  Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

                        */s/ Shennan Kavanagh*
                        Shennan Kavanagh