UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH COBLE,
MILAGROS HARPER, and
DENNIS HARPER,
on behalf of themselves and
all others similarly situated,

               Plaintiffs,

v.

COHEN & SLAMOWITZ, LLP,
DAVID COHEN, ESQ.,
MITCHELL SLAMOWITZ, ESQ.,
LEANDRE JOHN, ESQ., and
CRYSTAL S.A. SCOTT, ESQ.,

               Defendants.

11-cv-1037 (ER)(GAY)

**DECLARATION OF SHENNAN KAVANAGH IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AWARD OF STIPULATED ATTORNEYS' FEES AND COSTS**

**HON. EDGARDO RAMOS**

---

I, Shennan Kavanagh, hereby declare as follows:

    1.    I am a partner in the law firm Klein Kavanagh Costello, LLP ("KKC") and one of Plaintiff's counsel in this action, having been admitted to this case on a *pro hac vice* basis. [Docket No. 62]. I make this Declaration of my own personal knowledge, and if called to testify, I could testify competently to the matters stated herein. This Declaration is provided in support of Plaintiff's Application for Award of Stipulated Attorneys' Fees and Costs ("Fee Application"). The amounts of fees and costs described below are not being requested as part of Plaintiff's Fee Application, rather, they are being provided to apprise the Court of Plaintiff's counsels' current lodestars and expenses in this case.

    2.    Between April 18, 2014, the date on which Plaintiff's counsel submitted their final supplemental fee application to Judge Crane, and August 22, 2014, KKC's lodestar is

$77,016.25 (149.7 hours). This lodestar amount is based on the hourly rates approved by Judge Crane in his Final Award.

3. I have been informed by my co-counsel, Daniel Schlanger of Schlanger & Schlanger, LLP (S&S), that S&S's lodestar between April 18, 2014 and August 22, 2014 is $27,218.50 (86 hours). This lodestar amount is based on the hourly rates approved by Judge Crane in his Final Award.

4. Based on the above, Plaintiff's counsels' combined total lodestar since the cut-off date of Judge Crane's Final Award is $104,234.75. Under Judge Crane's Final Award and the parties' agreement to be bound by his decision, this amount will be uncompensated.

5. The above lodestar includes, among other work, the following performed by Plaintiff's counsel: (1) submitting revised settlement papers based on the Court's instructions at the preliminary approval hearing, (2) responding to class member inquiries after notice was sent out on July 15, 2014, (3) working with Defendant regarding class list issues and ensuring the class list was accurate and Plaintiff received a declaration attesting to the methods used to identify class members that was consistent with Defendant's obligations under the Settlement Agreement, (4) participating in a status conference with the Court, and (5) preparing this fee application.

6. KKC's expenses incurred since April 18, 2014 total $12,576.21. These expenses are fees paid to JAMS for its arbitration services.

7. I have been informed by Mr. Schlanger that S&S's additional expenses incurred since April 18, 2014 total $7,721.48. These expenses comprise fees paid to JAMS of $7,500 for its arbitration services, and LEXIS, copying and postage charges.

8. Based on the above, Plaintiff's counsels' total additional expenses incurred after April 18, 2014 equal $20,297.69.

9. On August 17, 2014, Plaintiff's counsel requested Judge Crane to add JAMS arbitration costs totaling $19,080, which they paid after he issued the Final Award, to the total he deemed to be reimbursable. Defendants have opposed this request. Judge Crane has not issued a decision as of the date of filing this Fee Application.

10. The additional work counsel will perform before this case is complete includes, without limitation: (1) briefing on the motion for final approval of the Settlement Agreement, (2) preparing for and attending the final approval hearing set for October 2, 2014, (3) continuing to address class member inquiries, (4) working with the settlement administrator regarding its declaration on class notice, and (5) addressing objections, if any, and possible appeals. Under Judge Crane's Final Award and the parties' agreement to be bound by his decision, this amount will be uncompensated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Boston, Massachusetts on August 22, 2014.

*/s/ Shennan Kavanagh*
Shennan Kavanagh