IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH COBLE, MILAGROS HARPER, and DENNIS HARPER, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>-against-<br><br>COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ., MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN, ESQ., and CRYSTAL S.A. SCOTT, ESQ.,<br><br>         Defendants. | Civil No.:<br>11-CV-1037 (ER)(GAY) |

## DECLARATION OF MITCHELL SELIP

Mitchell Selip hereby certifies that he is an attorney at law admitted to practice law before the Courts of the State of New York and the following facts are true to the best of his knowledge.

I am of counsel to the firm of Cohen & Slamowitz LLP, and the firm's IT department is one of the areas under my direct supervision. I have been the contact person between Cohen & Slamowitz, LLP, and its defense counsel, Wilson Elser, in determining the size of the Settlement Class and the Settlement Subclass.

The Class List, as defined within the Settlement Agreement in connection with the above captioned matter, was compiled under my supervision and direction while working with the firm's IT department. The class list was compiled from the computer records maintained in the regular and ordinary course of business of the law firm Cohen & Slamowitz, LLP. The factors employed to determine the members of the Settlement Class and the Settlement Subclass were as

follow: all litigation commenced on or after December 30, 2002, as reflected in the suit filed date and the index number fields, that contained service of process information reflecting service of process on or after the same date of December 30, 2002. The search results were then parsed to include only those individuals who were served by a process server working for on behalf of Midlantic. And finally, the Subclass was determined by sorting the Settlement Class to identify those individuals appearing as members of the Settlement Class for whom the records of Cohen & Slamowitz indicated an involuntary payment, as defined by the Settlement Agreement, was received by Cohen & Slamowitz, and not reversed, after October 30, 2006.

Although the initial class list was compiled with our belief that it was as complete and accurate as possible, Class Counsel brought to our attention that the Class Representative, Ms. Coble, was missing from the class list. With the search criteria we had employed, this should not have been possible in that we knew Ms. Coble's suit date was within the class period.

Our assessment of the situation revealed that this error took place because of the age of the data, which dates back to 2002, combined with the firm's transitioning its computer systems and records during that time. The firm had previously utilized, as its sole litigation system, a common software program known as CLS for the maintenance of these records. In determining how a file such as Ms. Coble's file had been excluded, it was brought to my attention that in the CLS system, the only method to reflect a dismissal of a lawsuit was to remove the litigation information from CLS's pre-defined litigation fields. There were a number of reasons that a matter could have been dismissed, including a bankruptcy or death of the consumer or a client's request to do so.

To remedy the situation, a review was conducted of the files which contained a note that pleadings were prepared and then served on the defendant on or after December 30, 2002. We

then manually reviewed the electronic copies of the affidavits of service to confirm that Midlantic Process was responsible for the service of the pleadings. The result is that approximately 3,800 additional names were located, including Ms. Coble. There were approximately 70 names which are now on the list but which no longer show a mailing address. This would be the result of the firm's receipt of information indicating that the last-known address that resided in its system was no longer accurate, and no new information regarding the defendant's address was available. The final adjustment to the class list was to remove duplicate names of class members. The list produced now contains what the computer records of Cohen & Slamowitz indicate is the last known mailing address of the various class members. The firm does not maintain any paper files for these matters and the records are exclusively maintained on the firm's computer system.

Dated: Woodbury, New York
       June 25, 2014

_____
Mitchell Selip