UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elizabeth Coble, Milagros Harper, and Dennis Harper, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq.,<br><br>　　　　　　　　　　Defendants. | Index: 11-cv-01037<br><br><br>Hon. Edgardo Ramos<br><br>Hon. George A. Yanthis |

**PLAINTIFF'S RESPONSE TO OBJECTION**

On September 24, 2014, Plaintiff's counsel received an objection to the Settlement from the Settlement Administrator submitted by Settlement Class member Arkady Mustaev ("Mr. Mustaev").[1] A true and correct copy of Mr. Mustaev's objection, which he submitted with an executed Claim Form, is attached to the Declaration of Shennan Kavanagh Regarding Class Member Correspondence ("Kavanagh Decl.") submitted herewith. Mr. Mustaev did not serve Plaintiff's counsel or Defendants' counsel with a copy of the objection. Kavanagh Decl., ¶¶4-5. As of September 25, 2014, the Court has not received a copy of the objection. Kavanagh Decl., ¶6.

Mr. Mustaev is a Subclass member and his sole objection is that the Settlement is unfair because the amount of money to which he is entitled under the Settlement is insufficient in light of the amount of money Defendants restrained on his bank account ($4,858.64).

---

[1] Defense counsel has reviewed Plaintiff's Response to Objection and joins in its substance.

Mr. Mustaev's objection should be overruled on several grounds. First, Mr. Mustaev's objection is without merit because it does not take into account that Mr. Mustaev does not release any rights to challenge the underlying state court action or judgment against him. Settlement Agreement and Release of Claims ("Agreement"), ¶55. To the extent that Mr. Mustaev has valid claims relating to the judgment entered against him, he may still pursue those claims and also receive settlement benefits. In other words, if the judgment is overturned, Mr. Mustaev may have a right in state court of a refund of any monies the court finds to be improperly garnished.[2]

Mr. Mustaev's objection should also be overruled in light of the overwhelming support for the Settlement. Mr. Mustaev is the only settlement class member who has objected to the amount of money provided under the Settlement. As discussed above, his objection is without legal or factual support and it should not be allowed to delay payments to the hundreds of settlement class members who filed claims and wish to receive Settlement benefits. Mr. Mustaev's objection does not recognize that the Settlement is a compromise of disputed claims, which, Plaintiff may have lost had the case proceeded to trial. The amounts available under the Settlement Subclass Fund were agreed upon only after years of hard fought litigation followed by many months of settlement negotiations overseen by an experienced and reputable mediator, the Hon. Stephen G. Crane (Ret.) of JAMS.[3]

---

[2] Nothing herein shall, however, be construed as a concession by Defendants that Mr. Mustaev has valid defenses to the underlying judgment. The point is merely that the Settlement does not involve Mr. Mustaev waiving his state court defenses, if any. Defendants reserve the right to oppose any motion to vacate made before the state court.
[3] Notably, the amount available in the Settlement Class Funds represents nearly the full extent of statutory damages to which settlement class members are entitled under the Fair Debt Collection Practices Act ("FDCPA") based on the Defendants' net worth. *See*, Memorandum in Support of Joint Motion for Final Approval of Class Settlement, at 3.

Moreover, Mr. Mustaev did not properly follow the objection procedure, which required him to serve a copy of his objection on the Court, Plaintiff's and Defendants' counsel. Agreement, ¶57. This procedure was clearly explained in the Notices. [Docket No. 76.5] (Short Form Notice); [Docket No. 76.7] (Long Form Notice). This further supports overruling his objection.

Based on the above, as well as all of the reasons set forth in Plaintiff's Final Approval Memorandum and supporting declarations supporting the fairness of the Settlement, Mr. Mustaev's objection should be overruled.

September 29, 2014

Respectfully Submitted,

*/s/ Shennan Kavanagh*
Gary Klein (admitted *pro hac vice*)
Shennan Kavanagh (admitted *pro hac vice*)
Klein Kavanagh Costello, LLP
85 Merrimac Street, 4th Floor
Boston, Massachusetts 02114
Phone: 617-357-5500
Fax: 617-357-5030
klein@kkcllp.com
kavanagh@kkcllp.com

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, NY 10016
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com

## CERTIFICATE OF SERVICE

      I, Shennan Kavanagh, hereby certify that a true and accurate copy of the foregoing and supporting declaration and exhibit were filed electronically via the Court's ECF system, on September 29, 2014. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system. I further certify that a true and correct copy of these documents were sent by Federal Express overnight, postage prepaid, to Arkady Mustaev at the following address:

Arkady Mustaev
464 Amsterdam Ave.
Apt. 3R
New York, NY 10024

                                               */s/ Shennan Kavanagh*
                                               Shennan Kavanagh