USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/9/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Elizabeth Coble, Milagros Harper, and Dennis Harper, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq.,

Defendants.

Index: 11-cv-01037

Hon. Edgardo Ramos

Hon. George A. Yanthis

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter comes before the Court on the joint request of Class Plaintiff Elizabeth Coble and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), and Cohen & Slamowitz, LLP, David Cohen, Esq., and Mitchell Slamowitz, Esq. ("Defendants"), for final approval of the Class Action Settlement Agreement and Release of Claims, dated May 27, 2014 (the "Settlement Agreement"); and a Fairness Hearing having been held before the Court on October 2, 2014; and due deliberation having been had thereon, and the Court, having read and considered the Settlement Agreement and all the papers appurtenant thereto filed by Class Counsel, as well as the parties' joint motion for final approval, and Plaintiffs' memorandum and declarations submitted in support of same, the oral arguments of counsel presented to the Court, and all other papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. For the purposes of this Final Approval Order and Judgment ("Final Order"), the Court adopts by reference the definitions set forth in the Definitions section of the Settlement Agreement.

2. On May 29, 2014, the Court preliminarily approved the Settlement Agreement, certified this case as a class action for settlement purposes appointed a Settlement Administrator (the "Administrator"), approved Class Plaintiff as Settlement Class Representative and appointed Plaintiffs' attorneys as Class Counsel; and dismissed the instant action with prejudice as against Defendants Leandre John and Crystal S.A. Scott (pursuant to the Settlement Agreement and subject, *inter alia*, to final approval of the Settlement Agreement and entry of this Final Order).

3. The Settlement Class was defined as:

> all persons who have been sued in one or more consumer collection actions commenced in New York State between December 30, 2002 and the present in which C & S represented the state court Plaintiff; and the affidavit of service was signed and/or notarized by Midlantic or any owner, agent or employee of Midlantic.

4. "Settlement Subclass" was defined as:

> all Settlement Class members who made one or more Involuntary Payments after October 30, 2006 following a judgment taken (on any date before or after October 30, 2006) in a consumer collection action commenced in New York State in which C & S represented the state court Plaintiff; and the affidavit of service was signed and/or notarized by Midlantic or any owner, agent or employee of Midlantic.

5. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants' counsel timely served notices of the proposed settlement on the appropriate federal and state officials.

6. The total number of Settlement Class Members is 50,892, including 5,989 Settlement Subclass members.

7. Pursuant to the Preliminary Approval Order, and the Court's subsequent Endorsed Letter Order dated June 24, 2014, a Short Form Notice specific to Settlement Class Members who are not also Settlement Subclass Members was sent to all Settlement Class Members at their last known mailing address.

8. Pursuant to the Preliminary Approval Order, a Short Form Notice specific to Settlement Subclass Members was sent to all Settlement Subclass Members at their last known mailing address.

9. Pursuant to the Preliminary Approval Order, a Long Form Notice specific to Settlement Class Members who are not also Settlement Subclass Members was made available on the settlement website on or before the date of mailing of the Short Form Notices.

10. Pursuant to the Preliminary Approval Order, a Long Form Notice specific to Settlement Subclass Members was made available on the settlement website on or before the date of mailing of the Short Form Notices.

11. Eleven (11) Settlement Class Members timely and validly requested exclusion from the Settlement.

12. Two Settlement Class Members timely and validly objected to the Settlement. One of these two objections was resolved before Final Approval and withdrawn.

13. 1213 Settlement Class Members, including 281 Settlement Subclass Members filed valid Claim Forms.[1]

---

[1] These numbers include 47 Settlement Class Members (including 8 Settlement Subclass Members) who filed claims after the September 13, 2014 deadline set forth in the Preliminary Approval Order and class notices, but on or before October 2, 2014, *i.e.* the date of the Fairness Hearing. The Court, exercising its discretion, hereby orders that these claims be treated as valid.

14. Pursuant to the Settlement Agreement and the Preliminary Approval Order, the Parties submitted the issue of reasonable attorney's fees and costs to JAMS neutral the Hon. Stephen G. Crane (ret.) in the first instance and agreed to be bound by his decision on this issue subject to this Court's approval.

15. By decision dated August 28, 2014, Judge Crane found that, subject to this Court's approval, attorney's fees in the amount of $322,495.27 and costs in the amount of $44,815.13 are reasonable and should be awarded.

16. Plaintiffs and Defendants now jointly request final approval of the settlement.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. <u>The Motion Is Granted:</u> The motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Final Order. The Court has considered the sole objection to approval of the settlement agreement and finds it to be without merit. The objection is therefore overruled.

2. <u>Notice</u>. The Court finds that the distribution of the Notices, as provided for in the Preliminary Approval Order dated May 29, 2014, accurately informed all Settlement Class Members and all Settlement Subclass Members of the material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and Settlement Subclass, constituted valid, due and sufficient notice and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the settlement is fair, reasonable, and adequate, and accordingly, the Court approves the settlement and directs that the Parties implement it, as follows:

    A. The Parties are directed to implement the settlement in accordance with its terms.

    B. <u>Costs</u>: The Parties are to bear their own costs, except as otherwise provided in the Agreement or the Order.

    C. <u>Payment</u>:

    i. For their efforts on behalf of the Settlement Class and Settlement Subclass and to settle their individual claims, Defendants shall pay the Settlement Class Representative in this action a service payment of $5,000.00 (five thousand dollars). Defendants shall pay the amount in the manner and time set forth in the Agreement.

    ii. The Defendant shall pay the amounts required by the Settlement Agreement to the settlement administrator.

    iii. The Settlement Class Fund and Settlement Subclass Fund shall be distributed pursuant to the Settlement Agreement in the amounts and by the process provided in the Settlement Agreement.

    iv. <u>Attorney's Fees and Costs</u>. The Court, having reviewed JAMS neutral Judge Crane's Corrected Final Amended Award dated August 28, 2014 regarding attorney's fees and costs ("Neutral's Findings"); and having also reviewed Plaintiffs counsel's supporting Fee Application and Declarations filed on August 22, 2014, hereby adopts the Neutral's Findings, finds attorney's fees in the

amounts set forth therein to be reasonable, and awards attorney's fees and costs in the amounts set forth therein, *i.e.* attorney's fees in the amount of $322,495.27 and costs in the amount of $44,815.13. Defendants shall pay these amounts in the manner and time set forth in the Agreement.

D. <u>Release and Discharge</u>. Upon entry of this Final Order all releases set forth in Section V of the Settlement Agreement shall immediately become effective.

E. <u>Defendants' Denial of Liability</u>. Neither this Final Order nor the Settlement Agreement shall constitute an admission of liability by the Parties.

F. <u>Dismissal of Complaint</u>. Subject to the reservation of jurisdiction for matters set forth in Paragraph 3(G) below, the Complaint is hereby dismissed with prejudice.

G. <u>Jurisdiction</u>. The Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of the Settlement Agreement, including *inter alia*: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and this Final Order; and (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

H. The Settlement Class and Settlement Subclass are hereby finally certified for settlement purposes only.

I. The Settlement Class Representative and Class Counsel have fairly and adequately represented the interests of the Settlement Class and Settlement Subclass members at all times in the Action.

J.  <u>Entry of Judgment</u>.  In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Final Order and the Clerk of the Court is ordered to enter Final Judgment forthwith.

K.  The Settlement Class and Settlement Subclass members and any of their predecessors, successors, representatives, parent companies, subsidiaries, affiliates, heirs, executors, administrators, attorneys, successors, and assignees, are permanently barred from instituting, filing, commencing, prosecuting, maintaining, continuing to prosecute—directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever—any action in any state or federal court or in any other tribunal, forum, or proceeding of any kind that asserts any of the Released Claims against the Released Parties.

So Ordered this 9th day of October, 2014.

_____
Hon. Edgardo Ramos
United States District Judge